# In the United States Court of Federal Claims

No. 04-1277 C
(Filed: January 9, 2007)

***********************************
ROBERT JAMES WALTON, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
***********************************

## ORDER

Although the court desires to proceed with oral argument on Defendant's Consolidated Motion to Dismiss and for Summary Judgment ("motion") and Plaintiff's Cross-Motion for Summary Judgment, it is reluctant to do so at present because it appears that a key jurisdictional issue has not been addressed by the parties. Thus, the court remains concerned that it lacks jurisdiction over plaintiff's copyright claim.

The abbreviated procedural history of the case that follows helps illustrate the court's jurisdictional concern. According to the record before the court, plaintiff created the 2001 desk-blotter calendar in February or March 2000. Sometime prior to the 2001 calendar year, the FPI Print Factory "produced and shipped millions of copies of the calendars to GSA warehouses . . . and various private vendors . . . ." On June 9, 2001, plaintiff filed a tort claim for copyright infringement with the GSA. The GSA denied plaintiff's claim on July 11, 2001. Plaintiff filed a copyright infringement suit in the United States District Court for the District of Columbia on November 21, 2001. Plaintiff's complaint was transferred to the Northern District of Texas on February 4, 2002, the District of Kansas on August 21, 2002, and the United States Court of Federal Claims on May 3, 2004. On September 17, 2004, plaintiff filed a transfer complaint. In response, defendant filed the instant motion on January 14, 2005. Plaintiff filed an application for copyright registration on April 28, 2005, and an amended complaint reflecting that fact on July 18, 2005. On July 19, 2005, Judge Williams stayed the case pending a decision by the Copyright Office on plaintiff's application.[1] The Copyright Office issued a copyright registration to plaintiff in March 2006.

---

[1] The case was transferred to the undersigned on January 6, 2006.

In its instant motion, defendant originally argued that plaintiff's failure to register his copyright prevented this court from exercising jurisdiction over plaintiff's claims. After plaintiff filed his application for copyright registration, defendant altered its position by arguing that the court could not exercise jurisdiction over plaintiff's claims until the Copyright Office acted on plaintiff's application. Subsequent to the registration of plaintiff's copyright, defendant apparently abandoned its jurisdictional objections. However, upon a review of the relevant statutes and case law, the court finds that jurisdiction remains at issue.

Pursuant to 17 U.S.C. § 411(a), a copyright owner cannot maintain an action for copyright infringement until either the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright Office has refused to register the copyright. This requirement is jurisdictional.[2] It is plaintiff's failure to satisfy all requirements of 17 U.S.C. § 411(a) that troubles the court.

Because plaintiff did not meet all of the requirements of 17 U.S.C. § 411(a), binding precedent from the United States Court of Appeals for the Federal Circuit appears to defeat plaintiff's claim. As the Federal Circuit made clear in Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 635-36 (Fed. Cir. 1990), "later events may not create jurisdiction where none existed at the time of filing."[3] To the contrary, "[t]he presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed."[4] Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 734 n.2 (Fed. Cir. 1988). Here, at the time he filed his complaint on November 21, 2001, plaintiff had not registered his copyright, nor had the Copyright Office refused to act on plaintiff's application for copyright registration. Indeed, at the time he filed his complaint, plaintiff had not applied for copyright registration.

---

[2] Positive Black Talk Inc. v. Cash Money Records Inc., 394 F.3d 357, 365 (5th Cir. 2004); Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir. 2003); Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc., 264 F.3d 622, 630 n.1 (6th Cir. 2001); Morris v. Bus. Concepts, Inc., 259 F.3d 65, 68 n.1, 72 (2d Cir. 2001); Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc., 29 F.3d 1529, 1532 (11th Cir. 1994); Int'l Trade Mgmt., Inc. v. United States, 553 F. Supp. 402, 403 (Cl. Ct. 1982).

[3] See also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830-32 (1989). Plaintiffs may amend their complaints only to cure "[d]efective allegations of jurisdiction." 28 U.S.C. § 1653 (emphasis added).

[4] See also Newman-Green, Inc., 490 U.S. at 830; Black v. Sec'y of HHS, 93 F.3d 781, 790 (Fed. Cir. 1996); GAF Bldg. Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 483 (Fed. Cir. 1996); Sharman Co. v. United States, 2 F.3d 1564, 1598 (Fed. Cir. 1993), overruled on other grounds by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995).

The Federal Circuit has also commented on the copyright registration requirement. In GAF Building Materials Corp., plaintiff filed an action seeking a declaratory judgment that defendant's yet-to-be-issued patent was invalid and that it had not infringed said "patent." 90 F.3d at 480. In affirming the trial court's holding that it lacked jurisdiction, the Federal Circuit reasoned that the complaint amounted to no more than a dispute over a possible future patent, and that the trial court could not know whether a patent would issue or the scope of the legal rights any issued patent might confer upon defendant. Id. at 482. In essence, the Federal Circuit explained, plaintiff sought "an impermissible advisory opinion." Id. In seeking reversal of the trial court's ruling, plaintiff argued that it had cured the jurisdictional defect by amending its complaint after the patent was issued to the defendant. Id. at 483. Plaintiff supported its argument by citing decisions from federal courts in which copyright plaintiffs were permitted to amend their original complaints to allege that they had satisfied the statute's registration requirement after they filed their complaints. Id. The Federal Circuit rejected plaintiff's argument and held:

> These authorities, apart from being nonbinding on us, are unpersuasive. . . . [T]here was no jurisdiction when [plaintiff] filed its original complaint. Also, [plaintiff] never moved to supplement its pleadings as required by Fed. R. Civ. P. 15(d). The district court did not abuse its discretion in adhering to the motion requirement of Rule 15 or in determining that it was not in the interest of justice to permit [plaintiff] to supplement its pleadings.

Id. (footnote omitted). It bears noting that GAF Building Materials Corp. is a patent case, and that the discussion of the copyright cases cited by plaintiff may be considered dictum.[5] However, the court did label the copyright cases as "unpersuasive." Thus, the Federal Circuit did not appear to depart from its jurisdictional holdings in Spectronics Corp. and Arrowhead Industrial Water, Inc.

On the other hand, the court is mindful of the Federal Circuit's decision in Black v. Secretary of HHS, 93 F.3d 78 (Fed. Cir. 1996), which concerns the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"). Under the Vaccine Act, in order to receive compensation for vaccine-related injuries, petitioners must file a timely petition that, inter alia, includes "documentation demonstrating that the injured person 'incurred unreimbursable expenses . . . in an amount greater than $1,000.'" 93 F.3d at 784 (quoting 42 U.S.C. § 300aa-11(c)(1)(D)(I)). In Black, none of the petitioners met the $1,000 requirement prior to filing their petitions. Id. at

---

[5] In fact, while not explicitly stated, the Federal Circuit in GAF Building Materials Corp. may have refused to apply copyright precedent in a patent case because of the different points at which copyrights and patents may be infringed. A copyright may be infringed once a work is created; copyright registration is not required for an infringement to occur. However, the requirements under patent law are stricter–a patent may only be infringed after it is issued. Thus, the Federal Circuit may not have seen the less strict standards of copyright law as applicable in a patent case.

784-85. However, one of the petitioners met the requirement after the expiration of the relevant statute of limitations and another petitioner met the requirement within the applicable statute of limitations. Id. at 784. The Federal Circuit held that the latter petitioner, upon filing supplemental pleadings pursuant to RCFC 15(d), could proceed with her case. Id. at 790-92. The court reasoned:

> [F]ederal court jurisdiction is "time-specific," in that the existence of federal jurisdiction "ordinarily depends on the facts as they exist when the complaint was filed." Nonetheless, a defect in the plaintiff's case, even a jurisdictional defect, can be cured by a supplemental pleading under Rule 15(d) in appropriate circumstances.

Id. at 790 (citations omitted). The Federal Circuit explained that "[d]etermining whether a supplemental pleading can be used to rescue an insufficient petition or complaint in a particular case depends on a careful reading of the substantive provision at issue." Id. The court then compared two types of statutes: one that "barred the claimant from obtaining judicial review before seeking administrative relief,"[6] and one that contained "an express prohibition against filing a complaint before the expiration of a statutory waiting period."[7] Id. at 790-91. The Federal Circuit concluded that the Vaccine Act's $1,000 requirement was more like the former statute, and that a failure to comply with the requirement could be cured by a supplemental pleading. Id. However, in order to take advantage of a supplemental pleading, a petitioner was required to have met the $1,000 requirement within the relevant statute of limitations. Id. at 790-92. Thus, if the Federal Circuit were to analogize the copyright registration requirement to the Vaccine Act's $1,000 requirement, it seems likely that it would require plaintiffs to have obtained copyright registration prior to the expiration of the three-year statute of limitations.

This court also acknowledges that other circuits have addressed the copyright registration requirement as it relates to jurisdiction and have permitted plaintiffs to proceed with copyright infringement suits in situations where plaintiffs either (1) applied for copyright registration prior to filing suit and received their copyright registration after filing suit[8] or (2) both applied for and

---

[6] See Mathews v. Diaz, 426 U.S. 67 (1976).

[7] See McNeil v. United States, 508 U.S. 106 (1993); Hallstrom v. Tillamook County, 493 U.S. 20 (1989).

[8] Iconbazzar, L.L.C. v. Am. Online, Inc., 308 F. Supp. 2d 630, 634 (M.D.N.C. 2004); Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am., 81 F. Supp. 2d 70, 72 (D.D.C. 2000).

The court is mindful of the split among the Fifth, Tenth, and Eleventh circuits concerning whether an application for copyright qualifies as "registration of the copyright claim" pursuant to 17 U.S.C. § 411(a), and whether such an application thereby provides federal jurisdiction over a

registered their copyrights after filing suit.[9] Additionally, in other, noncopyright cases, some courts have permitted the curing of jurisdictional defects by supplemental pleadings.[10] Although instructive, the decisions from other circuits and regarding other bodies of law are not controlling. However, even if such cases bind this court, they likely would not assist plaintiff in this case because it appears that plaintiff did not register his copyright, or even file an application for copyright registration, until after the expiration of the statute of limitations. Thus, even if the use of a supplemental pleading was appropriate to cure plaintiff's failure to register his copyright (or apply for copyright registration) prior to filing suit, the statute of limitations appears to bar plaintiff's infringement claim.

Accordingly, the parties shall identify, with specificity, the authority that permits this court's exercise of jurisdiction to entertain plaintiff's copyright infringement claim. In identifying such authority, the parties shall address, as necessary, the following issues:

- the effect of plaintiff's failure to apply for or obtain registration of his copyright before filing his original complaint on November 21, 2001;

- whether, and if so, by what mechanism, the court can relate the April 28, 2005 application for copyright registration or the March 2006 copyright registration back to plaintiff's filing of his original complaint on November 21, 2001;

---

copyright infringement action. The Fifth Circuit requires proof only of "payment of the required fee, deposit of the work in question, and receipt by the Copyright Office" prior to the initiation of a copyright infringement suit. Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984); see also Lakedreams v. Taylor, 932 F.2d 1103, 1108 (5th Cir. 1991). In contrast, the Tenth Circuit requires plaintiffs to apply for and register their copyrights prior to initiating suit. La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1200-05 (10th Cir. 2005). Further, the Eleventh Circuit has held that there was no prejudicial error in the trial court, after dismissing a complaint due to plaintiff's failure to register its copyright prior to filing suit, allowing plaintiff to amend that same complaint once it had registered its copyright. M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 (11th Cir. 1990) (implying that the usual and correct practice would be for the trial court to dismiss the complaint and require plaintiff to file a new complaint).

[9] Positive Black Talk Inc., 394 F.3d at 365.

[10] Newman-Green, Inc., 490 U.S. at 828-38 (dismissal of dispensable nondiverse parties pursuant to FRCP 21); Mathews v. Diaz, 426 U.S. at 72-77 (supplemental complaint to allege postcomplaint enrollment application for Medicare Part B); Black, 93 F.3d at 789-92 (supplemental complaint to allege satisfaction of $1,000 expenditure requirement of Vaccine Act within the Vaccine Act's statute of limitations); cf. Caterpillar Inc. v. Lewis, 519 U.S. 61, 70-78 (1996) (dismissal of nondiverse party after defective removal from state court).

- the authority that supports the view that the July 18, 2005 amended complaint cures the apparent jurisdictional defect;
- the effect, if any, of Judge Williams's stay of proceedings on July 19, 2005;
- whether plaintiff's copyright registration could conceivably fall within the three-year limitations period prescribed in 28 U.S.C. § 1498(b); and
- whether an RCFC 15(d) supplemental complaint could cure the apparent jurisdictional defect.

The parties shall simultaneously brief the issue of jurisdiction and file their briefs **no later than Friday, February 9, 2007**. The parties shall file response briefs **no later than Friday, February 23, 2007**. Once the court receives the parties' supplemental briefs, it will schedule argument on the sole issue of jurisdiction.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge