IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1277C |
| v. | ) | |
| | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S BRIEF ON JURISDICTION
PURSUANT TO THE COURT'S ORDER OF JANUARY 9, 2007

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

OF COUNSEL:
GARY L. HAUSKEN
Attorney
Department of Justice

February 23, 2007

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. TWO STATUTES AFFECT THIS COURT'S JURISDICTION . . . . . . . . . . . . . 2

B. THE EFFECT OF PLAINTIFF'S FAILURE TO APPLY FOR REGISTRATION BEFORE FILING HIS ORIGINAL COMPLAINT ON NOVEMBER 21, 2001 IS THAT THE ORIGINAL COMPLAINT IS DEFECTIVE . . . . . . . . . . . . . . . . . . . . 5

C. THE APPLICATION CANNOT RELATE BACK TO PLAINTIFF'S FILING OF HIS ORIGINAL COMPLAINT ON NOVEMBER 21, 2001 . . . . . . . . . . . . . . . . 6

D. THERE IS NO AUTHORITY THAT SUPPORTS THE COMPLETE CURE OF THE JURISDICTIONAL DEFECT BY AMENDING THE COMPLAINT . . . . 7

E. THE STAY OF PROCEEDINGS HAS NO EFFECT ON THE JURISDICTION ISSUES IN THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F. PLAINTIFF'S MAY RECOVER, AT MOST, ONLY FOR INFRINGING CALENDARS MADE OR DISTRIBUTED AFTER MARCH 27, 2002, IF ANY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

G. AN RCFC 15(d) SUPPLEMENTAL COMPLAINT COULD CURE THE JURISDICTIONAL DEFECT ONLY FOR CALENDARS MADE OR DISTRIBUTED AFTER MARCH 27, 2002, IF ANY . . . . . . . . . . . . . . . . . . . . . 9

II. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

### CASES

*Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*,
29 F.3d 1529 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Black v. Secretary of HHS*,
93 F.3d at 781 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
65 USPQ2d 1954, 2003 WL 296561 (S.D.N.Y., Feb. 11, 2003) . . . . . . . . . . . . . . . . . . . 5

*Conan Properties, Inc. v. Mattel, Inc.*,
601 F. Supp. 1179 (S.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*International Trade Management v. United States*,
1 Cl. Ct. 39 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 8, 9

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.*,
903 F.2d 1486 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Morris v. Business Concepts, Inc.*,
259 F.3d 65 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Murray Hill Publications, Inc. v. ABC Communications, Inc.*,
264 F.3d 622 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Pitcairn v. United States*,
547 F.2d 1106 (Ct. Cl. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Starobin v. United States*,
662 F.2d 747 (Ct. Cl. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Walton v. United States*,
No. 04-1277C, Order (Fed. Cl., Jan. 9, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Wechsberg v. United States*,
54 Fed. Cl. 158 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

## STATUTES

17 U.S.C. §410(d) . . . . . . . . . . 3

17 U.S.C. § 411(a) . . . . . . . . . . 2, 3, 5, 6, 7, 8

28 U.S.C. § 1498(b) . . . . . . . . . . 1, 3, 4, 5, 9

## RULES

RCFC 12 . . . . . . . . . . 5

RCFC 15 . . . . . . . . . . 1, 6, 7, 8, 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON, Plaintiff, | ) | No. 04-1277C |
| v. | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S BRIEF ON JURISDICTION
PURSUANT TO THE COURT'S ORDER OF JANUARY 9, 2007

In response to the court's Order of January 9, 2007, Defendant hereby submits this supplemental memorandum. In its Order, the court requested briefing as follows:

> Identify with specificity, the authority that permits this court's exercise of jurisdiction to entertain plaintiff's copyright infringement claim. In identifying such authority, address, as necessary, the following issues:
>
> > The effect of plaintiff's failure to apply for or obtain registration of his copyright before filing his original complaint on November 21, 2001;
> >
> > Whether, and if so, by what mechanism, the court can relate the April 28, 2005 application for copyright registration or the March 2006 copyright registration back to plaintiff's filing of his original complaint on November 21, 2001;
> >
> > The authority that supports the view that the July 18, 2005 amended complaint cures the apparent jurisdictional defect;
> >
> > The effect, if any, of Judge Williams' stay of proceedings on July 19, 2005;
> >
> > Whether plaintiff's copyright registration could conceivably fall within the three-year limitations period prescribed in 28 U.S.C. § 1498(b); and
> >
> > Whether an RCFC 15(d) supplemental complaint could cure the apparent jurisdictional defect.

We address each of the court's questions below.

## I. DISCUSSION

### A. TWO STATUTES AFFECT THIS COURT'S JURISDICTION

In the present case, the court may entertain a claim for recovery only for calendars first made or distributed on or after March 27, 2002 because of an interaction of two separate statutes, as discussed below.

The first statute, 17 U.S.C. § 411(a) bars suit before the Copyright office has acted on the owner's application for registration of the copyright. *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622, 630 note 1 (6th Cir. 2001); *Morris v. Business Concepts, Inc.*, 259 F.3d 65, 72 (2d Cir. 2001); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488-89 (11th Cir. 1990); *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1532 (11th Cir. 1994). At the time of filing the Complaint in this case, namely in 2004, the Plaintiff had not yet applied for copyright registration. Therefore, one of the bases for Defendant's motion to dismiss submitted in January 2005 was that Plaintiff had not complied with 17 U.S.C. § 411(a) *alone*. Rather than oppose that motion, Plaintiff applied for registration, and the court granted a stay until the Copyright Office acted on the application for registration.[1]

---

[1] The court suggests that the Government altered its position after Plaintiff filed his application. Such is not the case. The Government continued to argue that the court was without jurisdiction. *See*, Def. Opp. To Pl. Cross Mot. For Summ. J. at pp. 4-5. After noting that Plaintiff applied to register a copyright, the Government argued that a split among the circuit courts of appeal existed, and that persuasive authority from this court precluded curing the jurisdictional defect by subsequent registration. *Id*. The Government went on to urge the court to dismiss for lack of jurisdiction. *Id*. However, the Government also recognized that the Copyright Office, had it refused registration, may have rendered the jurisdictional issue raised by (continued...)

*Walton v. United States*, No. 04-1277C, Order ¶¶ 2-3 (Fed. Cl., Jan. 9, 2007). As we noted in our original motion and in our reply, Section 411 should be read as barring the present action, since Plaintiff failed to register his copyright prior to bringing this suit. *International Trade Management v. United States*, 1 Cl. Ct. 39, 40-41 (1982) (Kozinski, C.J.).[2]

The second statute is 28 U.S.C. § 1498(b) which, as the court recognized, provides the relevant time limit on actions.[3] That statute requires that the action be filed within three years, plus the time during which an administrative claim is pending, after the infringing act.[4]

Under 28 U.S.C. § 1498, the infringement by the United States of a patent or copyright is deemed to be the equivalent of the taking of a compulsory license under the patent or copyright. *See*, *Pitcairn v. United States*, 547 F.2d 1106, 1114 (Ct. Cl. 1976). A license for a particular infringing item is only taken once during its lifetime. Each subsequent use of that particular item

---

[1](...continued)
Defendant's motion moot. *Id*. Accordingly, the Government acquiesced in the court's stay. The Copyright Office issued a registration to Plaintiff in March 2006. Pursuant to 17 U.S.C. § 410(d), the registration has an effective date of April 28, 2005, the date the complete application, together with the requisite deposit and fee, were received by the Office.

[2] As was noted in Def. Opp. To Pl. Cross Mot. For Summ. J. at pp. 4-5, there is a split of authorities on the requirement for the Copyright Office to act before the complaint is filed. This court has never adopted the view that permits a subsequent registration in the Copyright Office to cure the jurisdictional defect.

[3] The time limitation provision of Section 1498 is properly viewed as a limitation on recovery rather than a statute of limitation. The time for bringing an action is measured from the allegedly infringing act or acts (here, the making or first infringing distribution of each infringing work) rather than from accrual of the cause of action as a whole. Thus, where multiple alleged acts of infringement have occurred, those occurrences that are earlier than the limitations date may be barred, but those that are later in time may still be actionable.

[4] Plaintiff's administrative claim was pending for 32 days (June 9, 2001 through July 11, 2001). Thus, the recovery period encompasses three years and 32 days prior to the filing of the lawsuit.

does not create a new cause of action and does not re-trigger the statute of limitations. *Starobin v. United States*, 662 F.2d 747, 750 (Ct. Cl. 1981). If there are multiple infringing items, some made before and some made after the statute of limitations date, the statute bars an action only for those individual items that first infringed *before* the statutory bar date. An action is *not* barred for those items that first infringe *after* the statutory bar date. *Wechsberg v. United States*, 54 Fed. Cl. 158, 161, 164 (2002) (Damich, C.J.).

Under 28 U.S.C. § 1498(b), the recovery period begins on the date that is three years plus the time that a written claim for compensation had been pending before the agency that had authority to settle the claim prior to the filing of the complaint. In this case, the written claim was submitted on June 9, 2001 and it was denied by letter dated July 11, 2001. *Walton*, No. 04-1277C, Order ¶ 2 (Jan. 9, 2007). Thus, the total statutory recovery period in this case begins three years and 32 days before the effective filing date of this action. As will be established below, the effective filing date of the present action can be no earlier than the April 28, 2005 filing of the application for copyright registration (if that filing of that application cures the jurisdictional defect in Plaintiff's original complaint). Thus, the only compensable infringements would be those occurring on or after March 27, 2002.[5]

However, at this stage of the proceedings – a motion to dismiss – the court lacks sufficient information to dismiss based on the limitations period in Section 1498(b). Although there is mention of the GSA 2001 desk blotter calendar in the original complaint (Amnd. Compl. Exh. A at p. 3, lines 1-3), and Plaintiff registered the GSA 2001 desk blotter calendar, Plaintiff's

---

[5] Assuming that March 27, 2002 is the bar date in this case, the lack of any market whatsoever for a prior year's desk blotter calendar would suggest that most, if not all, copies of the GSA 2001 desk blotter calendar were made and distributed before that date.

Complaint can be read more broadly to encompass works in addition to the GSA 2001 desk blotter calendar. *See*, 1st Amend. Compl. ¶ 38 (asserting, in the present tense, that the Government is "reproducing Plaintiff's works" and "preparing derivative works"). (*See*, 1st Amend. Compl. ¶¶ 15, 22; 1st Amnd. Compl. Exh. A at p. 3, lines 1-3; Copyright Registration Blocks 4-5). Plaintiff asserts that the Government is (in the present tense) infringing today, apparently through derivative works. Although Plaintiff has not identified any such infringing work that was made or distributed after March 27, 2002, his complaint asserts the existence of such works, and we do not dispute that Plaintiff must be provided an opportunity to attempt to prove his allegations.

Therefore, the Government did not argue that Plaintiff's claim was barred by the time limit in Section 1498(b) in the present motion because Plaintiff has alleged infringement within the statutory recovery period. Whether that allegation is true is a factual issue and not properly the subject of a RCFC 12 motion to dismiss for lack of jurisdiction.

## B. THE EFFECT OF PLAINTIFF'S FAILURE TO APPLY FOR REGISTRATION BEFORE FILING HIS ORIGINAL COMPLAINT ON NOVEMBER 21, 2001 IS THAT THE ORIGINAL COMPLAINT IS DEFECTIVE

The effect of Plaintiff's failure to apply for registration prior to his original complaint of November 21, 2001 is that his original complaint is defective. It is necessary to plead registration in order for the court to have jurisdiction. *Brought to Life Music, Inc. v. MCA Records, Inc.*, 65 USPQ2d 1954, 1955, 2003 WL 296561 at *1 (S.D.N.Y., Feb. 11, 2003); *Conan Properties, Inc. v. Mattel, Inc.*, 601 F. Supp. 1179, 1182 (S.D.N.Y. 1982). In addition, Section 411(a) requires that the Copyright Office must act on the application before the court may

assume jurisdiction. *International Trade*, 1 Cl. Ct. at 40-41. Thus the case should be dismissed, but in any event, the court could not have jurisdiction under Section 411 at least until the application for registration was filed. 17 U.S.C. § 411(a); *Murray Hill*, 264 F.3d at 630 note 1; *Morris*, 259 F.3d at 72; *M.G.B. Homes*, 903 F.2d at 1488-89; *Arthur Rutenberg Homes*, 29 F.3d at 1532.

## C. THE APPLICATION CANNOT RELATE BACK TO PLAINTIFF'S FILING OF HIS ORIGINAL COMPLAINT ON NOVEMBER 21, 2001

An amended complaint may relate back to the date of filing of the original complaint under certain circumstances. RCFC 15(c). However, an RCFC 15 supplemental pleading is *not* permitted to relate back to a time when jurisdiction is expressly barred by statute. *Black v. Secretary of HHS*, 93 F.3d at 781, 790-92 (Fed. Cir. 1996) ("The statutes in those cases contained express prohibitions against filing prior to …" and finding Black's claims barred for failure to meet the statutory requirement prior to running of the statute of limitations).

Compliance with 17 U.S.C. § 411(a) is a jurisdictional prerequisite to filing a complaint for copyright infringement. *Id*. ("no action … shall be instituted"). It is a bar to filing suit before at least the date of application for copyright registration. *Murray Hill*, 264 F.3d at 630 note 1; *Morris*, 259 F.3d at 72; *M.G.B. Homes*, 903 F.2d at 1488-89; *Arthur Rutenberg Homes*, 29 F.3d at 1532; *International Trade*, 1 Cl. Ct. at 40-41. A supplemental pleading may not be used to retroactively create jurisdiction during the prohibited (or jurisdictionally withheld) period. *Black*, 93 Fed.3d at 790-92. No procedural device can retroactively create jurisdiction during such a period. *Id.* at 790-91 ("it would be contrary to Congress's intent for a district court to employ a procedural device …"). Subsequently occurring facts also cannot retroactively

create jurisdiction during such a prohibited period. *Id.* at 792 (plaintiff barred where jurisdictional requirement as to the value of the claim was only met after statute of limitations had run, although action was filed before). In *Black*, for example, the only claim that was allowed to go forward was the May claim, that did not contravene an express statutory withholding of jurisdiction. While the Government again reiterates that the court lacks jurisdiction because no registration was obtained prior to instituting this litigation, even under the approach taken by *Black*, this court could have jurisdiction under Section 411 only as of April 28, 2005. The resulting statutory recovery period in this case would thus extend from no earlier than March 27, 2002 to the present. In the present case, there is an express withholding of jurisdiction under Section 411(a) at least until the application for copyright is submitted. Therefore, a procedural device, such as amendment of the complaint, cannot be used to create jurisdiction during an earlier period. *Id.* at 790-91.

The Defendant again notes that, consistent with *Wechsberg*, 54 Fed. Cl. at 163-64, assuming that Plaintiff's April 28, 2005 registration filing would allow the suit to proceed, it would do so only with respect to any calendars that might have been made or distributed on or after March 27, 2002 (three years and 32 days prior to the filing of the application for registration).

## D. THERE IS NO AUTHORITY THAT SUPPORTS THE COMPLETE CURE OF THE JURISDICTIONAL DEFECT BY AMENDING THE COMPLAINT

As discussed in *Black*, 93 F.3d at 781, the only potential authority that might allow a cure would be RCFC 15. However, *Black* held that an RCFC 15 supplemental pleading is not permitted to create jurisdiction during a period that is expressly barred by statute. *Id.* at 790-92.

Under *Black*, any RCFC 15 cure would be available *only* for those infringing calendars that might have been made or distributed on or after March 27, 2002. Persuasive authority from this court, however, holds that failure to register the work prior to bringing the action is a complete bar and the action must be dismissed. *International Trade*, 1 Cl. Ct. at 40-41.

### E. THE STAY OF PROCEEDINGS HAS NO EFFECT ON THE JURISDICTION ISSUES IN THIS CASE

The stay does not have any effect on whether a claim is barred by Section 411(a). As a procedural tool to avoid wasted effort when a judicial or ministerial act is pending, the stay has no effect on the court's jurisdiction. The only effect of the stay is to lengthen the statutory recovery period. Since the court may award compensation for any infringing act until the issuance of a final judgment, the stay increases the length of the potential recovery period.

### F. PLAINTIFF'S MAY RECOVER, AT MOST, ONLY FOR INFRINGING CALENDARS MADE OR DISTRIBUTED AFTER MARCH 27, 2002, IF ANY

We again note that the original motion did not address the statute of limitations;[6] it addressed instead two other disabilities: the lack of registration, and Plaintiff's creation of the work while in the employment or service of the Government, and the consequent lack of jurisdiction under Section 1498(b). As is discussed at Note 3, above, Plaintiff's cause of action

[6] If the court is inclined to decide at this time whether there has been any infringement of the copyrighted works during the limitations period, it would be prudent for the court to allow the Plaintiff an opportunity to brief and present any evidence to support his contentions as to which calendars made during the relevant time period infringe, since the pending motion did not address the limitations bar.

is not barred as to those infringing calendars that might have been made or first distributed on or after March 27, 2002.

## G. AN RCFC 15(d) SUPPLEMENTAL COMPLAINT COULD CURE THE JURISDICTIONAL DEFECT ONLY FOR CALENDARS MADE OR DISTRIBUTED AFTER MARCH 27, 2002, IF ANY

As has been discussed in previous sections, an RCFC 15(d) supplemental complaint could cure the jurisdictional defect only for those calendars incorporating the registered work that might have been made or distributed on or after March 27, 2002 (i.e., 3 years and 32 days preceding the submission of the copyright registration application), assuming the court applies *Black* and not *International Trade*.

## II. CONCLUSION

For the foregoing reasons, and the reasons set forth in its earlier briefs, the Defendant respectfully requests that its motion to dismiss or for summary judgment be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Robert G. Hilton
ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

February 23, 2007