# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1277C

Judge Margaret M. Sweeney

ROBERT JAMES WALTON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## SUPPLEMENTAL MEMORANDUM REGARDING JURISDICTION

Christopher N. Sipes
Sarah L. Wilson
Scott C. Weidenfeller
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)
Attorneys for Plaintiff

Dated: February 23, 2007

# TABLE OF CONTENTS

BACKGROUND .......... 2

ARGUMENT .......... 3

I. PLAINTIFF CURED ANY JURISDICTIONAL DEFECTS BY REGISTERING HIS OPYRIGHT AND AMENDING HIS COMPLAINT .......... 4

A. Technical Jurisdictional Defects Are Subject To Cure .......... 4

B. Any Jurisdictional Defect Was Cured In This Case .......... 9

II. PLAINTIFF'S COMPLAINT IS NOT BARRED BY THE STATUTE OF IMITATIONS .......... 11

A. Plaintiff's Amended Complaint Relates Back To The Filing Of His Original Complaint .......... 11

B. Plaintiff Is Entitled To Equitable Tolling Of The Statute Of Limitations .......... 13

CONCLUSION .......... 15

# TABLE OF AUTHORITIES

Page

## FEDERAL STATUTES


17 U.S.C. § 205 .......... 6, 10

17 U.S.C. § 411 .......... *passim*


## FEDERAL CASES


*Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988) .......... 6-7

*Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004) .......... 14

*Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522 (S.D.N.Y. 1991) .......... 6, 13

*Becker v. Montgomery*, 532 U.S. 757 (2001) .......... 5

*Black v. Sec'y of HHS*, 93 F.3d 78 (Fed. Cir. 1996) .......... 6, 8-9, 13

*Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) .......... 5

*Conan Props., Inc. v. Mattel, Inc.*, 601 F. Supp. 1179 (S.D.N.Y. 1984) .......... 13

*Co-Opportunities, Inc. v. Nat'l Broad. Co.*, 510 F. Supp. 43, 49 (N.D. Cal. 1981) .......... 6, 10

*Dan-Dee Imports v. Well-Made Toy Mfg.*, 524 F. Supp. 615, 619 (E.D.N.Y. 1981) .......... 10, 11

*Davis v. Piper Aircraft*, 615 F.2d 606 (4th Cir. 1980) .......... 12

*Edelman v. Lynchburg Col.*, 535 U.S. 106 (2002) .......... 5

*Frankel v. Stein*, 470 F. Supp. 209 (S.D.N.Y. 1979) .......... 4,

*Franks v. Ross*, 313 F.3d 184 (4th Cir. 2002) .......... 10-11

*GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479 (Fed Cir. 1996) .......... 7-8

*Gerig v. Krause Pubs., Inc.*, 33 F. Supp. 2d 1304 (D. Kan. 1999) .......... 13

*Goebel v. Manis*, 39 F. Supp. 2d 1318 (D. Kan. 1999) .......... 13

*Intrepid v. Pollock*, 907 F.2d 1125 (Fed. Cir. 1990) .......... 12

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ....................14

*J. Racenstein & Co. v. Wallace*, No. 96 Civ. 9222, 1997 WL 605107 (S.D.N.Y. Oct. 1, 1997) ....................4, 10

*Lennon v. Seaman*, 84 F. Supp. 2d 522, 524 (S.D.N.Y. 2000) ....................10

*Mathews v. Diaz*, 426 U.S. 67 (1976) ....................5, 10, 13

*Meta-Film Assocs. v. MCA, Inc.*, 586 F. Supp. 1346 (C.D. Cal. 1984) ....................6, 10

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365 (Fed. Cir. 2001) ....................5

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016 (Fed. Cir. 2001) ....................5

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ....................5

*Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357 (5th Cir. 2004) .......4, 5, 9, 10

*Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F. Supp. 838 (D. Mass. 1986) ....................5, 13

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005) ....................5

*Snoqualmie Tribe of Indians v. United States*, 372 F.2d 951, 960 (Ct. Cl. 1967) ....................12

*Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631 (Fed. Cir. 1991) ....................7

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388 (D. Md. 2001) ....... 11-12

*Stone v. Williams*, 970 F.2d 1043 (2d Cir. 1992) ....................13

*United States v. Hicks*, 283 F.3d 380 (D.C. Cir. 2002) ....................12

*Wulff v. CMA, Inc.*, 890 F.2d 1070 (9th Cir. 1989) ....................10

**RULES**

RCFC 15 ....................3, 4, 11, 12

**MISCELLANEOUS**

1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.05 (1992) ....................13

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1277C |
| v. | ) | |
| | ) | Judge Margaret M. Sweeney |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL MEMORANDUM REGARDING JURISDICTION

Plaintiff Robert James Walton respectfully submits this Supplemental Memorandum pursuant to the Court's Order of January 9, 2007 ("Order"). The Order directed the parties to "identify, with specificity, the authority that permits this court's exercise of jurisdiction to entertain plaintiff's copyright infringement claim." The Court has jurisdiction over Plaintiff's copyright infringement claim for two primary reasons. First, as Judge Mary Ellen Coster Williams and Defendant have implicitly recognized, Plaintiff's copyright registration and amended complaint cured any jurisdictional defects under the Copyright Act. The Federal Circuit cases discussed in the Court's Order do not support a jurisdictional dismissal. Second, there is no statute of limitations bar to the Court's jurisdiction because Plaintiff's amended complaint "relates back" to the timely filing of the original complaint. And even if the amended complaint does not relate back, Plaintiff is entitled to equitable tolling of the statute of limitations. Plaintiff actively pursued his judicial remedies during the relevant statutory period, despite Defendant's attempt to prevent Plaintiff from obtaining the copies of his artwork necessary to register his copyright within the statutory period. Under these circumstances, the Court should equitably toll the statute of limitations to prevent a jurisdictional time bar.

## BACKGROUND

Plaintiff was assigned to work at the Federal Prison Industries UNICOR Print Factory at USP Leavenworth from October 1994 until February 2001. (Def's. App. 034-37.) UNICOR Print Factory supervisors ordered Plaintiff to conceive, design, layout, and produce the artwork and structures for 2000 and 2001 calendars for the General Services Administration ("GSA"). (First Am. Compl. ¶ 5.) Plaintiff designed and produced thirteen images, submitted proofs for approval by GSA, created electronic files for use by an outside graphics shop, and produced film negatives of his work. (First Am. Compl. ¶¶ 16-21.) During his assignment, Plaintiff asserted his intellectual property rights in his work and specifically requested two copies of his work for his professional portfolio. (First Am. Compl. ¶¶ 22, 24.) However, prison officials refused to allow him to take his work from the UNICOR Print Factory. (First Am. Compl. ¶¶ 23, 26-27.)

Plaintiff filed a *pro se* administrative claim with GSA seeking damages for its misappropriation of his copyright. (First Am. Compl. Ex. B.) Following GSA's denial of his claim, Plaintiff filed a copyright infringement suit in the United States District Court for the District of Columbia on November 21, 2001. Several years and a second transfer later, United States District Judge Murguia, from the District of Kansas, transferred the case to the United States Court of Federal Claims on May 3, 2004. On September 17, 2004, Plaintiff, still proceeding *pro se*, filed a transfer complaint in this Court. Defendant moved to dismiss the case on January 14, 2005.

On February 11, 2005, the Court appointed the undersigned as counsel for Plaintiff. Counsel obtained a copy of the Plaintiff's artwork, and on April 28, 2005, Plaintiff filed a registration application, deposit, and fee with the Copyright Office, claiming copyright in the works he created while working for the UNICOR Print Factory. The Copyright Office granted Plaintiff's application in March 2006, with an effective registration date of April 28, 2005.

On April 29, 2005, Plaintiff filed an amended complaint, pursuant to RCFC 15. The amended complaint referenced Plaintiff's application, deposit, and fee with the Copyright Office. On May 12, 2005, Judge Williams entered an Order directing Plaintiff to file a motion for leave to amend his complaint on or before May 20, 2005. *See* May 12, 2005 Order. Accordingly, Plaintiff filed a motion for leave to amend on May 20, 2005. Judge Williams granted the motion on July 18, 2005, and accepted Plaintiff's amended complaint for filing the same day. *See* July 19, 2005 Order.

Following a telephonic status conference, and in light of Plaintiff's filing of an "application with the Copyright Office for registration of the works that are at issue in this case," Judge Williams stayed all proceedings in this case "pending action by the Copyright Office on Plaintiff's application" because "of potential jurisdictional issues stemming from the Copyright Office's consideration of Plaintiff's application." *Id*.

Judge Williams transferred the case to the Honorable Margaret M. Sweeney on January 6, 2006. On May 15, 2006, the parties informed the Court that Plaintiff successfully had registered his work with the Copyright Office, with an effective registration date of April 28, 2005. *See* May 15, 2006 Joint Status Rep. "Accordingly, the parties respectfully request[ed] that this Court lift the stay and resolve the parties' cross-motions for summary judgment." *Id*.

**ARGUMENT**

Plaintiff has satisfied the jurisdictional requirement of 17 U.S.C. § 411(a)[1] by registering his copyright and amending his complaint after the effective date of registration. Federal Circuit cases relating to constitutionally-based jurisdictional requirements do not support a contrary

[1] 17 U.S.C. § 411(a) provides, in pertinent part, that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (2000).

conclusion. Moreover, Plaintiff's action is not barred by the Copyright Act's statute of limitations because his amended complaint relates back to the filing of his original complaint, pursuant to RCFC 15. Even if the amended complaint did not relate back, Plaintiff is entitled to equitable tolling of the limitations period.

## I. PLAINTIFF CURED ANY JURISDICTIONAL DEFECTS BY REGISTERING HIS COPYRIGHT AND AMENDING HIS COMPLAINT

The Copyright Office's registration of Plaintiff's copyright in the GSA artwork at issue, and Plaintiff's subsequent amendment of his complaint to reflect the registration, cured any jurisdictional defect in his original *pro se* complaint.

### A. Technical Jurisdictional Defects Are Subject To Cure

Courts have routinely held that jurisdictional failure to register a copyright prior to filing suit may be cured by post-filing registration and amendment to a complaint. *See Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 365 (5th Cir. 2004) ("the jurisdictional defect was cured when the Copyright Office received PBT's application, deposit, and fee four days after PBT filed suit"); *J. Racenstein & Co. v. Wallace*, No. 96 Civ. 9222, 1997 WL 605107, at *1-2 (S.D.N.Y. Oct. 1, 1997) ("[w]here an action is commenced without registration being effected, the defect can be cured by subsequent registration"); *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F. Supp. 838, 851 (D. Mass. 1986) (permitting plaintiff to cure the § 411 defect in its original complaint by filing an amended or supplemental complaint alleging registration); *Frankel v. Stein*, 470 F. Supp. 209, 212 (S.D.N.Y. 1979) (permitting plaintiff to cure a § 411 jurisdictional defect by filing an amended complaint alleging post-filing compliance with § 411). "The notion that the supplemental pleading cures the technical defect, notwithstanding the clear language of § 411, is consistent with the principle that technicalities

should not prevent litigants from having their cases heard on the merits." *Positive Black Talk*, 394 F.3d at 366 (footnote omitted).

The Supreme Court has held that statutory jurisdictional defects are subject to cure when cure would not run contrary to central congressional purposes. *See, e.g.*, *Edelman v. Lynchburg Col.*, 535 U.S. 106, 116 (2002) (citing *Becker v. Montgomery*, 532 U.S. 757, 765 (2001)) ("while the timing and content requirements for the notice of appeal were 'jurisdictional in nature,' nothing prevented later cure of the signature defect"); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) (procedural jurisdictional defect under 28 U.S.C. § 1441, requiring complete diversity, subject to post-filing cure); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) (procedural jurisdictional defect under 28 U.S.C. § 1332, requiring complete diversity, subject to post-filing cure); *Mathews v. Diaz*, 426 U.S. 67 (1976) (pre-filing application requirement of the Social Security Act subject to post-filing cure).

The Federal Circuit has also held that where constitutional jurisdiction requirements have been satisfied, "technical statutory defects" are subject to post-filing cure. *See Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365, 1373 (Fed. Cir. 2001) and *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1018-19 (Fed. Cir. 2001) (permitting plaintiff to cure "a technical jurisdictional defect" on appeal by filing to join the patentee to the suit); *Black v. Sec'y of HHS*, 93 F.3d 78 (Fed. Cir. 1996) (permitting plaintiff to cure a jurisdictional defect after filing). *See also Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (allowing cure of temporary loss of standing in patent case based on Supreme Court precedent).

Consistent with these principles, courts have held that other non-registration-related filing requirements imposed by the Copyright Act, although jurisdictional in nature, are subject to cure.

In *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522 (S.D.N.Y. 1991), for example, the plaintiffs failed to record "instruments of transfer" with the Copyright Office prior to initiating suit, thereby running afoul of 17 U.S.C. § 205(d)'s jurisdictional recordation prerequisite.[2] "[M]onths after filing the original complaint," the plaintiffs recorded the instrument and filed a supplemental complaint alleging the fact of cure. *Id.* at 1541. The court rejected defendant's argument that "'a litigant cannot cure a jurisdictional defect by alleging facts that occurred only after the action was brought'" as "misguided," and held that "plaintiffs' recordation problem was cured by its supplemental filing." *Id.* Other courts have reached the same conclusion. *See Meta-Film Assocs. v. MCA, Inc.*, 586 F. Supp. 1346, 1352 (C.D. Cal. 1984) (holding that "by filing the two agreements with the Copyright Office [more than three years after suit was filed], plaintiff has cured its initial failure to record the assignments . . . As a consequence, § 205(d) does not deprive the court of jurisdiction") (footnote omitted); *Co-Opportunities, Inc. v. Nat'l Broad. Co.*, 510 F. Supp. 43, 49 (N.D. Cal. 1981) (same).

None of the three Federal Circuit cases referenced in the Court's Order undercuts the weight of authority from the Supreme Court, the Federal Circuit, and other courts allowing cure of such statutory jurisdictional prerequisites as copyright registration through corrective action and amended pleadings. Neither *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988), nor *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631 (Fed. Cir. 1991), nor *GAF Building Materials Corp. v. Elk Corp.*, 90 F.3d 479 (Fed Cir. 1996) holds – or even suggests – that technical, statutory defects in a copyright infringement case may not be cured. Rather, all three decisions analyze, in the context of declaratory judgment actions, whether

---

[2] When the 1988 amendment of § 205(d) became effective March 1, 1989, the Berne Convention effectively eliminated the prior recordation requirement.

parties had satisfied Article III "case or controversy" jurisdictional requirements. But that time-honored legal principle is irrelevant to the issue of whether technical, statutory jurisdictional defects are curable after the filing of the original complaint.

In *Arrowhead*, the Federal Circuit simply gave effect to the principle that Article III requires a live case and controversy at all times while a case is pending. Plaintiff-appellant had not attempted to amend or supplement the complaint, but rather relied on the contents of a post-filing letter to fulfill the Constitution's case or controversy requirement. *See* 846 F.2d at 734. The Court held that the existence of constitutional jurisdiction "must be determined on the facts existing at the time the complaint under consideration was filed." *Id*. at 734 n.2. The Court did not address the issue of cure, and it did not hold – or even imply – that non-constitutional defects are incurable.

In *Spectronics*, the Federal Circuit similarly rejected plaintiff-appellant's attempt to evade Article III's requirement that "'an actual controversy must be extant at all stages of review, not merely at the time the complaint was filed.'" 940 F.2d at 635 (citation omitted). Although the Court's opinion repeated in *dicta* the *Arrowhead* rationale that "later events may not create [Article III case or controversy] jurisdiction where none existed at the time of filing," the case did not consider the issue of post-filing cure of statutory jurisdictional requirements. *Id*.

In *GAF*, the Federal Circuit affirmed the dismissal of plaintiff-appellant's complaint, which sought declaratory judgment relief with respect to a patent that was allegedly "about to issue," because there was no actual case or controversy at the time the complaint was filed. *See* 90 F.3d at 482. The Court rejected the argument that the "case or controversy" infirmity had been "cured" by the post-filing issuance of a patent, but its reasoning has no bearing on the ability of a post-filing copyright registration to cure jurisdictional defects.

To the contrary, the Court's reasoning expressly distinguished patent actions and copyright actions based on "the time when substantive rights vest." *Id*. at 483. Under the Copyright Act, the Court explained, "a copyright is created when an original work is 'fixed in a tangible medium of expression'; a patent does not exist until it is granted." *Id*. (internal citation omitted). Furthermore, according to the Federal Circuit, "the existence of a copyright registration is not even a prerequisite to suit under certain circumstances, see 17 U.S.C. § 411 (a)." *Id*. Patent rights, on the other hand, "are created only upon the formal issuance of the patent; thus disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance." *Id*. It was on the basis of the rights-vesting distinctions between copyright and patent ownership that the Federal Circuit found the plaintiff-appellant's reliance on copyright cases permitting cure "unpersuasive," not as to the statutory jurisdictional prerequisite at issue here, but rather, "on the question whether there was a justiciable case or controversy at the time GAF filed its complaint." *Id*.[3]

The Federal Circuit's decision in *Black v. Secretary of HHS*, 93 F.3d 781 (Fed. Cir. 1996), similarly offers no support for a jurisdictional dismissal in this case. In *Black*, the Federal Circuit concluded that it was central to Congress's purpose in the Vaccine Act that the $1,000 threshold for suit be reached within the statute of limitations period. *Id*. at 791. "On the other hand," the Court noted, "there is no indication that Congress intended that compensation would be barred simply because the petition was filed too early . . . or because a technical defect in the

[3] The *GAF* court also noted that plaintiff-appellant had not supplemented its complaint to reflect the post-filing patent issuance, and it summarily affirmed the trial court's decision to deny leave to file a supplemental complaint, unlike in this case, in which the Court granted Plaintiff's motion to amend his complaint. 90 F.3d at 483.

petition was not noticed and corrected." *Id*. In light of the central purposes of the statue, the court held that jurisdictional defects could be cured by a supplemental pleading alleging post-petition events.

Plaintiff does not agree that "if the Federal Circuit were to analogize the copyright registration requirement to the Vaccine Act's $1,000 requirement, it seems likely that it would require plaintiffs to have obtained copyright registration prior to the expiration of the three-year statute of limitations." Order at 4. Such an analogy would conflate two distinct concepts and legislative schemes. While it was central to Congress's purposes in enacting the Vaccine Act that the $1,000 threshold be reached within the statute of limitations period, such logic is inapplicable to copyright cases "because nothing suggests that Congress viewed the pre-filing requirement in § 411 as central to the purpose of the federal copyright laws." *Positive Black Talk*, 394 F.3d at 366 n.6. In this case, unlike in *Black*, Plaintiff's entitlement to sue arose from a single act of infringement by Defendant because his copyright vested at the moment of creation; he was not required to meet a threshold of injury before he could bring suit. Section 411 simply adds an additional jurisdictional requirement; it does not limit his copyright "rights." Consequently, the reasoning of the *Black* decision does not support dismissal on the basis of a technical statutory defect in a copyright case.

**B. Any Jurisdictional Defect Was Cured In This Case**

Plaintiff cured any jurisdictional deficiency by registering his copyright and amending his complaint. The effective date of registration for his copyright is April 28, 2005, so this Court had jurisdiction to entertain Mr. Walton's copyright infringement claim as of that date. *See* 17 U.S.C. § 411(a). Plaintiff filed an amended complaint on April 29, 2005 alleging that he had applied for registration, *see* First Am. Compl. ¶ 14, even though some courts have held that no amended or supplemental complaint is required once the court has been notified that that

jurisdictional filing requirement of the Copyright Act has been satisfied. *See, e.g., Positive Black Talk*, 394 F.3d at 367 ("we consider PBT's noncompliance with § 411 to be cured, even though it did not file a supplemental complaint below"); *Meta-Film Assocs.*, 586 F. Supp. at 1352 n.3 (where the court had been notified that plaintiff had cured its initial failure to record assignments pursuant to 17 U.S.C. § 205(d), it would be "superfluous, inconvenient and formalistic to require plaintiff to file a supplemental or amended complaint"); *Co-Opportunities*, 510 F. Supp. at 48 (holding that subsequent recordation under §205(d) cured the jurisdictional defect and nowhere requiring the filing of a supplemental or amended complaint); *see also Mathews*, 426 U.S. at 75 (deeming plaintiff's pleadings to have been properly supplemented to remedy the jurisdictional defect).

This Court ordered Plaintiff to file a motion requesting leave to file an amended complaint.[4] After Plaintiff complied – and after Defendant had an opportunity to respond, *see*

---

[4] Although some courts have implied that a supplemental pleading under Rule 15(d), rather than an amended pleading under Rule 15(a), would be the appropriate vehicle for cure, *see Dan-Dee Imports v. Well-Made Toy Mfg.*, 524 F. Supp. 615, 619 (E.D.N.Y. 1981); *see also Mathews*, 426 U.S. at 75 n.9, other courts have held that a plaintiff may use an amended complaint to recite post-filing satisfaction of § 411's registration requirements, *see, e.g., Lennon v. Seaman*, 84 F. Supp. 2d 522, 524 (S.D.N.Y. 2000) ("It is well settled that a plaintiff may amend an infringement complaint to include allegations regarding items discovered subsequent to the filing of the complaint"); *Racenstein*, 1997 WL 605107, at *1. In any event, as the United States Court of Appeals for the Fourth Circuit has explained, this hyper-technical "distinction is of little practical significance, however, because the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where 'good reason exists.'" *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002); *see also Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989) ("The erroneous characterization of the corrected pleading as an 'amended complaint' rather than as a supplemental pleading is immaterial"); *Dan-Dee*, 524 F. Supp. at 619 ("the mischaracterization . . . is immaterial to whether it may receive the correct relief it actually seeks").

No formal modification of the pleadings was necessary in this case because the fact of cure was brought to the Court's attention by other means. *See supra*. To the extent the Court holds that that formal modification of the pleadings was required, Plaintiff respectfully submits (continued…)

*Def.'s Resp. to Pl.'s Mot. . . . for Leave to File His First Am. Compl.* at 1 ("Defendant has no objection in principle to plaintiff's filing an Amended Complaint") – this Court granted Plaintiff's motion and accepted the amended complaint for filing on July 18, 2005. *See* July 19, 2005 Order. The Court then stayed proceedings in this case "in light of potential jurisdictional issues stemming from the Copyright Office's consideration of Plaintiff's application." *Id.* The clear implication of the Court's stay of proceedings, considered in context, was that registration would cure any jurisdictional defect. Although the Court did not issue a decision to that effect prior to transferring the case, the stay of proceedings would have been entirely unnecessary if registration would not have satisfied any jurisdictional concerns.

## II. PLAINTIFF'S COMPLAINT IS NOT BARRED BY THE STATUTE OF LIMITATIONS

### A. Plaintiff's Amended Complaint Relates Back To The Filing Of His Original Complaint

Plaintiff's amended complaint relates back, as a matter of law, to the time of initial filing because (1) it asserted the same claim of copyright infringement as that asserted in his original complaint and (2) the parties named in both complaints are identical.

It is well-settled that an amended complaint relates back to the time of the original complaint when the claims asserted therein arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint.[5] *See* RCFC 15(c). In *Intrepid v.*

---

that either a RCFC 15(a) amended complaint or a RCFC 15(d) supplemental complaint is sufficient formally to cure a § 411 jurisdictional defect. *See supra*. If, however, this Court is inclined to hold that only a RCFC 15(d) supplemental pleading could cure the defect in this case, Plaintiff's Amended Complaint should be deemed a RCFC 15(d) supplemental pleading. In the alternative, if the Court rejects all of the foregoing arguments, Plaintiff requests permission to file a supplemental complaint pursuant to RCFC 15(d) at this time.

[5] Similarly, "a Rule 15(d) supplemental pleading relates back to the date of the plaintiff's original filing, in the same manner that a Rule 15(a) amendment relates back." *Star Scientific*, (continued…)

*Pollock*, 907 F.2d 1125 (Fed. Cir. 1990), for example, the Federal Circuit held that an amended complaint filed *after* the limitations period had run related back to the date of an earlier defective pleading. The trial court had dismissed the case on, *inter alia*, statute of limitations grounds, but the Federal Circuit reversed, stating: "All that is required is a straightforward application of Rule 15(c) and settled caselaw, of which [plaintiff] was deprived." *Id.* at 1130. The court recognized that the very purpose of Rule 15(c) is to preserve claims for adjudication on the merits when a party has been sufficiently put on notice by a prior, albeit defective, pleading. *Id.*; *see also Snoqualmie Tribe of Indians v. United States*, 372 F.2d 951, 960 (Ct. Cl. 1967) ("Its purpose is, of course, intertwined with that of the statute of limitations which it permits the moving party to circumvent . . . Thus, notice is the test").

In copyright cases "where failure to satisfy procedural requirements is jurisdictional courts generally allow procedural compliance to relate back to filing of complaint." *Stone v. Williams*, 970 F.2d 1043, 1050 (2d Cir. 1992) (citing *Nimmer* § 12.05, at 12-104-05 (1992)); *see also Conan Props., Inc. v. Mattel, Inc.*, 601 F. Supp. 1179, 1182 (S.D.N.Y. 1984) (noting that the plaintiff's failure to allege registration of certain copyrights "can be cured simply by filing a second amended complaint, which relates back to the commencement of the action"); *Basic Books*, 758 F. Supp. at 1541 ("[f]iling a supplemental complaint, pursuant to Fed. R. Civ. P. 15(d), may relate back to the original filing so as to cure a jurisdictional defect").

Other courts have required the copyright owner to file a new complaint alleging registration, but have permitted the new complaint to relate back to the original complaint. *See*,

---

*Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 396 (D. Md. 2001); *see also United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *Davis v. Piper Aircraft*, 615 F.2d 606, 609 n.3 (4th Cir. 1980).

*e.g.*, *Quincy*, 650 F. Supp. at 851 (dismissing plaintiff's complaint pursuant to 17 U.S.C. § 411(a) "without prejudice to plaintiff's filing an amended or supplemental complaint which relates back to the commencement of the action"); *Goebel v. Manis*, 39 F. Supp. 2d 1318, 1320 (D. Kan. 1999) (allowing copyright owner to file a new action following certificate of registration decision and relating new complaint back to original filing date); *Gerig v. Krause Pubs., Inc.*, 33 F. Supp. 2d 1304, 1306 (D. Kan. 1999) (same).

For relation back purposes, whether an amended or supplemental complaint is filed before or after the limitations period has run is irrelevant. The Federal Circuit has stated that "[t]he timing of a supplemental complaint . . . does not ordinarily defeat an action that was initiated during the limitations period." *Black*, 93 F.3d at 792. Similarly, the United States Supreme Court has explained that a supplemental complaint may be filed at any time to cure a jurisdictional defect. *Mathews*, 426 U.S. at 75. Accordingly, Plaintiff's First Amended Complaint relates back to the filing of his original complaint, which was filed well before the statute of limitations expired.

**B. Plaintiff Is Entitled To Equitable Tolling Of The Statute Of Limitations**

Even if Plaintiff's amended complaint does not relate back to the filing of his original complaint, Plaintiff is entitled to equitable tolling of the statute of limitations. Defendant prohibited Plaintiff from removing any copies of his work from the UNICOR Print Factory, thereby depriving him of the fruits of his creation, in which he owns the copyright, and making it difficult if not impossible for him to register his work with the Copyright Office. Nevertheless, Plaintiff actively pursued his judicial remedies by first filing an administrative claim with GSA, and then filing a complaint in District Court. Plaintiff diligently pursued all of these actions within the three-year statute of limitations period applicable to copyright infringement actions.

Upon obtaining counsel, Plaintiff acted promptly to register his work with the Copyright Office and amend his complaint to incorporate his registration application.

Equitable tolling against the government is clearly allowed. The United States Supreme Court has held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). And the circumstances of this case are precisely the kind that merit equitable tolling. See *id*. (equitable tolling is justified "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"); *see also Barrett v. Principi*, 363 F.3d 1316, 1318 (Fed. Cir. 2004) ("[a] careful study of Supreme Court precedent, as well as that of the regional circuits reveals that equitable tolling is available in a variety of circumstances").

Plaintiff did not sit on his rights, but rather sought a judicial remedy well within the applicable statute of limitations period. Plaintiff corrected the alleged deficiency in his original complaint as soon as possible, and promptly amended his pleadings to reflect his registration application. Plaintiff's exemplary initiative entitles him to equitable tolling.

**CONCLUSION**

For the foregoing reasons, and the reasons set forth in Plaintiff's previous briefs in this case, Plaintiff respectfully requests that this Court (1) find that it has jurisdiction and (2) proceed to resolve the parties' cross-motions for summary judgment.

Respectfully submitted,

_____________________________

Christopher N. Sipes
Sarah L. Wilson
Scott C. Weidenfeller
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)
Attorneys for Plaintiff

Dated: February 23, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 23, 2007, I caused the foregoing *Supplemental Brief Regarding Jurisdiction* to be served by first class mail, postage prepaid, on the following counsel:

Robert G. Hilton
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

___________________________
Scott C. Weidenfeller