# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1277C

Judge Margaret M. Sweeney

ROBERT JAMES WALTON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## RESPONSE TO DEFENDANT'S BRIEF ON JURISDICTION PURSUANT TO THE COURT'S ORDER OF JANUARY 9, 2007

Christopher N. Sipes
Sarah L. Wilson
Scott C. Weidenfeller
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)
Attorneys for Plaintiff

Dated: March 9, 2007

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1277C |
| v. | ) | |
| | ) | Judge Margaret M. Sweeney |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO DEFENDANT'S BRIEF ON JURISDICTION PURSUANT TO THE COURT'S ORDER OF JANUARY 9, 2007

This Court has jurisdiction over Plaintiff's copyright infringement claim for two reasons. First, Plaintiff's copyright registration and amended complaint cured the jurisdictional defect under 17 U.S.C. § 411(a) in his original *pro se* complaint. Second, the statute of limitations does not bar this Court's jurisdiction because Plaintiff's amended complaint "relates back" to the timely filing of the original complaint. And even if this Court is not persuaded that Plaintiff's amended complaint relates back, Plaintiff's claims are not barred because he is entitled to equitable tolling of the limitations period.

Defendant's arguments to the contrary are baseless, largely because they rely on distorted interpretations of Federal Circuit and Court of Federal Claims decisions. Defendant argues primarily that *International Trade Management v. United States*, 1 Cl. Ct. 39 (1982), bars this action and that *Black v. Secretary of HHS*, 93 F.3d 781 (Fed. Cir. 1996), prohibits Plaintiff's amended complaint from relating back to his initial *pro se* complaint. Accordingly, Defendant argues that this Court has jurisdiction only over claims for infringements occurring on or after March 27, 2002. However, the authority on which Defendant relies does not support

Defendant's position, and Defendant simply ignores the great weight of authority to the contrary. This Court should reject Defendant's arguments, find that it has jurisdiction, and proceed to resolve the parties' cross-motions for summary judgment.

## I. ***INTERNATIONAL TRADE*** DOES NOT BAR JURISDICTION WHERE THE COPYRIGHT OFFICE HAS REGISTERED THE WORK AT ISSUE.

The Copyright Office's registration of Plaintiff's copyright and Plaintiff's subsequent amendment of his complaint cured any jurisdictional defect in his original *pro se* complaint. Defendant's primary argument to the contrary is that Plaintiff's "failure to register the work prior to bringing the action is a complete bar and the action must be dismissed," Def.'s Br. on Jurisdiction Pursuant to the Court's Order of Jan. 9, 2007 ("Def.'s Br.") at 8, relying on *International Trade*, *see also id*. at 3, 6, 7, 8. However, *International Trade* does not stand for this proposition. To the contrary, *International Trade* expressly distinguished the circumstances of this case, where the Copyright Office registered Plaintiff's copyright, from the circumstances in *International Trade*, where plaintiff's copyright had not been registered.

As the court explained, "[t]he narrow issue presented" in *International Trade* was whether plaintiffs, who had submitted an application for copyright but had not yet received a certificate of registration, "may proceed with the case now or whether they must first await the action of the Copyright Office." 1 Ct. Cl. at 40. Relying on its interpretation of the plain language of the Copyright Act and the fact that "[p]laintiffs have cited no case, and the court has been able to find none, where a court has permitted an action to continue while the registration

application is pending with the Copyright Office," the court held that a certificate of registration was necessary to maintain the suit and dismissed the action. *Id*. at 40-41.[1]

Significantly, the court in *International Trade* distinguished the sufficiency of an application for jurisdictional purposes from the issue in this case – whether this Court has jurisdiction in the wake of the Copyright Office's registration of Plaintiff's copyright. *Id*. at 41. In cases where, as here, "registration had been completed by the time the court considered the matter," the court stated that "plaintiffs were entitled to maintain the action under the terms of section 411(a)." *Id.* The court further stated that it would "favorably consider a motion . . . seeking reinstatement of the action at such time as registration of plaintiffs' copyright is permitted or denied." *Id*. Thus, contrary to Defendant's interpretation that it bars Plaintiff's case, *International Trade* supports the proposition that Plaintiff's action can be continued – or could have been reinstated, if it had been dismissed – upon Copyright Office registration.[2]

## II. THIS COURT HAS JURISDICTION OVER ALL OF PLAINTIFF'S INFRINGEMENT CLAIMS BECAUSE PLAINTIFF'S AMENDED COMPLAINT RELATES BACK TO THE FILING DATE OF HIS ORIGINAL *PRO SE* COMPLAINT.

Defendant also misleadingly conflates the requirements of 17 U.S.C. § 411(a) and 28 U.S.C. § 1498(b) to support its argument that this Court lacks jurisdiction over Plaintiff's claims

---

[1] As Plaintiff has noted, more recent and persuasive authority holds that the submission of a complete application, deposit, and fee with the Copyright Office is sufficient to confer jurisdiction under 17 U.S.C. § 411(a). *See* Reply Br. Supp. Pl.'s Cross-Mot. Summ. J. at 3-4. In any event, this Court's stay until the Copyright Office registered Plaintiff's copyright effectively mooted the "application versus registration" issue in this case.

[2] Defendant ignores the host of other cases holding that § 411 defects are subject to post-filing cure. *See* Def's. Br. at 7-8 (asserting that there is no such authority). *But see* Pl.'s Supplemental Mem. Regarding Juris. ("Supplemental Memorandum") at 4-5 (citing, *e.g.*, *Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 365 (5th Cir. 2004); *J. Racenstein & Co. v. Wallace*, No. 96 Civ. 9222, 1997 WL 605107, at *1-2 (S.D.N.Y. Oct. 1, 1997); *Frankel v. Stein & Day, Inc.*, 470 F. Supp. 209, 212 (S.D.N.Y. 1979)).

for infringement of his copyright prior to March 27, 2002. Defendant calculates that date by counting back three years and thirty-two days pursuant to § 1498(b) from the April 28, 2005 effective date of registration of Plaintiff's copyright. Def.'s Br. at 4. However, the relevant date for § 1498(b) purposes is the effective filing date of Plaintiff's complaint, not Plaintiff's copyright registration. *See* 28 U.S.C. § 1498(b) ("Except as otherwise provided by law, no recovery shall be had for any infringement of a copyright covered by this subsection committed more than three years prior to *the filing of the complaint* or counterclaim for infringement in the action . . . .") (emphasis added).

As explained in Plaintiff's Supplemental Memorandum, Plaintiff's amended complaint relates back, as a matter of law, to the November 21, 2001 filing date of his original *pro se* complaint.[3] *See* Supplemental Mem. at 11-13. Defendant erroneously contends that *Black* prevents relation back in this case, arguing that "an RCFC 15 supplemental pleading is not permitted to relate back to a time when jurisdiction is expressly barred by statute." Def.'s Br. at 6.[4] Defendant's argument must be rejected because it is both unsupported by *Black* and inconsistent with settled case law.

---

[3] Defendant incorrectly refers to 2004 as "the time of filing the Complaint in this case." Def.'s Br. at 2. Although Defendant's case was transferred to this Court on May 3, 2004, Plaintiff filed his original *pro se* complaint in the United States District Court for the District of Columbia on November 21, 2001, as Defendant recognizes. *See id.* at 5.

[4] Defendant also argues that *Black* prohibits Plaintiff from curing the jurisdictional defect in his original *pro se* complaint for infringements prior to March 27, 2002, but this argument is premised upon Defendant's argument that *Black* prohibits relation back. *See* Def.'s Br. at 7-8. Moreover, *Black* directly contradicts Defendant's position, stating that "defects in a plaintiff's case–even jurisdictional defects–can be cured while the case is pending if the plaintiff obtains leave to file a supplemental pleading under Rule 15(d) reciting post-filing events that have remedied the defect." 93 F.3d at 790.

*Black* held that a plaintiff who failed to meet a $1,000 threshold for suit within the period set forth in the Vaccine Act could not cure a defective pleading filed within the limitations period. 93 F.3d at 791. Because the statute prohibited plaintiff's claim from maturing before the $1,000 threshold was reached, the court concluded that "Congress has in effect determined that if the $1000 threshold is not reached within the limitations period, a would-be Vaccine Act petitioner cannot file a timely and qualifying petition." *Id.* Thus, permitting cure in such a circumstance would directly contravene Congress's purposes in enacting the statute. *Id*. at 791.

The same concern does not apply here. *Black* held that the rule regarding cure in each case "depends on a careful reading of the substantive provision at issue," distinguishing between the types of cases in which "it would be contrary to Congress's intent for a district court to employ a procedural device that would permit a plaintiff to file his complaint within the prohibited period" from those in which it would "do [no] violence to the applicable statute to permit the plaintiff's case to go forward, even though the exhaustion of administrative remedies occurred after the complaint was filed rather than before." *Id*. at 790-91. Permitting Plaintiff to cure the jurisdictional defect in this case does not contravene Congress's purposes in enacting the Copyright Act "because nothing suggests that Congress viewed the pre-filing requirement in § 411 as central to the purpose of the federal copyright laws." *Positive Black Talk*, 394 F.3d at 366 n.6. Furthermore, Plaintiff's claim fully matured once Defendant infringed his copyright; § 411 simply barred him from filing suit before he registered his copyright.

While Defendant repeatedly asserts that *Black* held that a supplemental pleading cannot "create jurisdiction" where a jurisdictional requirement was not met, *see* Def.'s Br. at 6-7, *Black* in fact held to the contrary. Although *Black* never addressed Defendant's "create jurisdiction" language, *Black* permitted one plaintiff to cure the jurisdictional defect in its complaint by

asserting that its claim had in fact matured within the statutory period. 93 F.3d at 791 ("Thus, as long as a petitioner could have filed a qualifying petition within the limitations period, there is no sound reason to prohibit that petitioner from filing a supplemental pleading. We therefore reject the government's argument that a Vaccine Act petition cannot be supplemented with allegations and proof that the petitioner incurred post-petition expenses within the limitations period that brought the total of the petitioner's unreimbursable expenses to more than $1000.").

In so doing, the Federal Circuit was not "creating jurisdiction." Rather, it was applying the Supreme Court's precedents that permit the relation back of pleadings to cure jurisdictional defects. *See id.* at 790-91; *see also Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) (holding that a procedural jurisdictional defect under 28 U.S.C. § 1441 was subject to post-filing cure); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) (holding that a procedural jurisdictional defect under 28 U.S.C. § 1332 was subject to post-filing cure); *Mathews v. Diaz*, 426 U.S. 67 (1976) (holding that the pre-filing application requirement of the Social Security Act was subject to post-filing cure).

Moreover, Defendant's argument is inconsistent with other Federal Circuit precedent. In *Intrepid v. Pollock*, 907 F.2d 1125 (Fed. Cir. 1990), the government argued, as it does in this case, that plaintiff's supplemental complaint – which plaintiff sought to file outside the limitations period – was barred by the statute of limitations and could not relate back to plaintiff's timely filed, yet defective, prior pleading. *Id*. at 1127, 1130. The trial court accepted the government's argument and dismissed the case, *id*. at 1127, but the Federal Circuit reversed, holding that the trial court had abused its discretion in refusing to permit plaintiff to supplement his complaint and dismissing the case because "Rule 15 must be liberally construed to prevent loss of a claim where justice so requires." *Id*. at 1131.

Defendant's argument that Plaintiff's amended complaint may not relate back to the time of his timely filed initial complaint is thus not only unsupported by *Black*, it is inconsistent with *Black* and other Supreme Court and Federal Circuit precedent. Accordingly, Defendant's jurisdictional argument must be rejected.[5]

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Plaintiff's previous briefs in this case, Plaintiff respectfully requests that this Court (1) hold that it has jurisdiction and (2) exercise its jurisdiction by resolving the parties' cross-motions for summary judgment.

Respectfully submitted,

s/ Sarah L. Wilson
Christopher N. Sipes
Sarah L. Wilson
Scott C. Weidenfeller
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)
Attorneys for Plaintiff

Dated: March 9, 2007

---

[5] Even if this Court is not persuaded that Plaintiff's amended complaint relates back, Plaintiff's claims are not barred because he is entitled to equitable tolling of the limitations period. *See* Supplemental Mem. at 13-14. Indeed, the *en banc* Federal Circuit recently reinforced the applicability of the equitable tolling doctrine against the government. *See generally Kirkendall v. Dep't of Army*, No. 05-3077, 2007 WL 675744 (Fed. Cir. Mar. 7, 2007) (*en banc*).