IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1277C |
| v. | ) | |
| | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM REGARDING JURISDICTION

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

OF COUNSEL:
GARY L. HAUSKEN
Attorney
Department of Justice

March 9, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. PLAINTIFF CANNOT CURE THE LACK OF JURISDICTION FOR ALLEGED INFRINGEMENTS OCCURRING MORE THAN THREE YEARS AND 32 DAYS BEFORE THE APPLICATION FOR COPYRIGHT REGISTRATION . 2

1. Jurisdictional Defects Are Not Always Subject to Cure . . . . . . . . . . . . . . 2

2. Only if *Black* Applies Can Jurisdictional Defects Be Cured in This Case 5

B. PLAINTIFF MAY NOT RECOVER FOR ANY INFRINGEMENT MADE BEFORE MARCH 27, 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1. Plaintiff's Amended Complaint Can Relate Back To No Earlier Than the Filing for Copyright Registration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

2. There Is No Basis To Equitably Toll The Statute of Limitations . . . . . . . 7

II. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**CASES**

*Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*,
29 F.3d 1529 (11th Cir. 1994) . . . . . . . . . . 5, 6, 7

*Barrett v. Principi*,
363 F.3d 1316 (Fed. Cir. 2004) . . . . . . . . . . 9, 10

*Becker v. Montgomery*,
532 U.S. 757 (2001) . . . . . . . . . . 2, 3

*Black v. Secretary of HHS*,
93 F.3d at 781 (Fed. Cir. 1996) . . . . . . . . . . 2, 4, 5, 6, 7

*Caterpillar, Inc. v. Lewis*,
519 U.S. 61 (1996) . . . . . . . . . . 2, 3

*Dan-Dee Imports, Inc. v. Well-Made Toy Mfg. Corp.*,
524 F. Supp. 615 (E.D. N.Y. 1981) . . . . . . . . . . 4

*Edelman v. Lynchburg College*,
535 U.S. 106 (2002) . . . . . . . . . . 2, 3

*International Trade Management v. United States*,
1 Cl. Ct. 39, 40-41 (1982) . . . . . . . . . . 2, 5, 6, 7

*Irwin v. Department of Veteran's Affairs*,
498 U.S. 89 (1990) . . . . . . . . . . 7, 9, 10

*Kirkendall v. Dept. of the Army*,
_ F.3d _ (Fed. Cir., Mar. 7, 2007) (en banc) . . . . . . . . . . 7

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.*,
903 F.2d 1486 (11th Cir. 1990) . . . . . . . . . . 5-6, 7

*Mathews v. Diaz*,
426 U.S. 67 (1976) . . . . . . . . . . 2, 3, 5, 6

*Morris v. Business Concepts, Inc.*,
259 F.3d 65 (2d Cir. 2001) . . . . . . . . . . 5, 7

*Murray Hill Publications, Inc. v. ABC Communications, Inc.*,
264 F.3d 622 (6th Cir. 2001) . . . . . . . . . . 5, 7

*Newman-Green, Inc. v. Alfonzo-Larrain*,
490 U.S. 826 (1989) . . . . . . . . . . 2, 3

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*,
394 F.3d. 357 (5th Cir. 2004) . . . . . . . . . . 4

*Stone v. Williams*,
970 F.3d 1043 (2d Cir. 1992), *cert. denied*, 508 U.S. 906 (1993), *citing*,
3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 12.05 (1992) . . . . . . . . . . 6

**STATUTES**

5 U.S.C. § 552(a)(3), (a)(4)(A)(vi), and (b) . . . . . . . . . . 8

17 U.S.C. § 411(a) . . . . . . . . . . 1, 4, 5, 6, 7, 9

28 U.S.C. § 1653 . . . . . . . . . . 5, 6

**MISCELLANEOUS**

RCFC 15 . . . . . . . . . . 1, 2, 4, 5, 6, 7

RCFC 15(c), (d) . . . . . . . . . . 3, 6

RCFC 83 . . . . . . . . . . 7

3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 12.05[D] (May 2006) . . . . . . . . . . 6-7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1277C |
| v. | ) | |
| | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM REGARDING JURISDICTION

In response to the court's Order of January 9, 2007, Defendant hereby submits this reply to Plaintiff's supplemental memorandum regarding jurisdiction. Plaintiff provided his Supplemental Memorandum on February 23, 2007. In that paper, Plaintiff asserted that all jurisdictional defects in this case are subject to cure under RCFC 15; Plaintiff's copyright registration cured any and all jurisdictional defects in the present case under 17 U.S.C. § 411(a); there is no statute of limitations bar to the court's jurisdiction because Plaintiff's First Amended complaint relates back to his original Complaint filed in district court; and Plaintiff is entitled to equitable tolling of the statute of limitations. Defendant hereby responds to these four points.

# I. DISCUSSION

## A. PLAINTIFF CANNOT CURE THE LACK OF JURISDICTION FOR ALLEGED INFRINGEMENTS OCCURRING MORE THAN THREE YEARS AND 32 DAYS BEFORE THE APPLICATION FOR COPYRIGHT REGISTRATION

### 1. Jurisdictional Defects Are Not Always Subject to Cure

For purposes of the present argument, Defendant assumes that the rule set forth in *International Trade Management v. United States*, 1 Cl. Ct. 39, 40-41 (1982) (Kozinski, C.J.) is not adopted in this case. *International Trade* would not permit cure using RCFC 15 for the reasons already set forth in Def. Opp. To Plt. Cross-Mot. For Sum. J. at pp. 4-5 and in Def. Brf. on Jurisdiction at pp. 3, 8. While Defendant urges the court to adopt Judge Kozinski's well reasoned opinion in *International Trade*, plaintiff argues that the court should allow cure.

To the extent that Plaintiff's argument has any validity, it is only for acts of infringement occurring on or after March 27, 2002. Plaintiff states that the "Supreme Court has held that statutory jurisdictional defects are subject to cure when cure would not run contrary to central Congressional purposes." Plt. Mem. Re Jurisdiction at page 5. That is not an accurate statement of the law. The court cannot "disregard a statutory provision or strike it down whenever the provision produces a result that is contrary to what the court discerns as the general purpose of the underlying statute." *Black v. Secretary of HHS*, 93 F.3d at 781, 789 (Fed. Cir. 1996).

Plaintiff cites five Supreme Court cases in support of his theory that "central Congressional purposes" distinguish whether jurisdictional defects may be cured or not, namely *Edelman v. Lynchburg College*, 535 U.S. 106, 116 (2002); *Becker v. Montgomery*, 532 U.S. 757, 765 (2001); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 64, 73 (1996); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989); and *Mathews v. Diaz*, 426 U.S. 67, 74, 84 (1976).

The five cases cited by Plaintiff simply do not support any "central Congressional purposes" theory to distinguish when jurisdictional statutes should be applied. *Edelman*, 535 U.S. at 116 and *Becker*, 532 U.S. at 765, held, among other things, that a defective signature on court papers was *not jurisdictional*, could be corrected, and that the correction related back to the original filing of the paper. In *Caterpillar*, 61 U.S. at 73, the Court allowed a district court jury verdict to stand where the district court erroneously found diversity jurisdiction upon removal, but that error was cured by dismissal of the non-diverse party prior to trial. Notably, however, it found *only* that jurisdiction existed at the time of trial and judgement. Thus, "considerations of finality, efficiency, and economy" favored affirmance because reversal after a full trial under rules of decision applied by state law would "impose an exorbitant cost to our dual court system." 61 U.S. at 75, 77. Likewise, *Newman-Green*, 490 U.S. at 837-38 held that dismissal of non-diverse parties may sustain the court's jurisdiction over the remaining diverse parties. And in *Mathews*, 426 U.S. at 74, 84, the Court allowed plaintiffs to proceed where their causes of action tested the constitutionality of a jurisdictional requirement to obtain Social Security benefits. Accordingly, whether the requirement could be applied to the plaintiff was the seminal issue before the Court. 426 U.S. at 74. The Court found that as to one plaintiff, the district court initially lacked jurisdiction on an alternative ground, but that the defect was cured when that plaintiff filed an application for benefits. In doing so, the Court noted that he could have corrected the defect by filing a supplemental pleading.[1]

---

[1] Walton suggests that the distinction between amended complaints and supplemental complaints is "hyper-technical." Plt. Mem. at page 10 n. 4. That suggestion is incorrect and the difference is important in this case: unlike amended complaints, supplemental complaints do not relate back. *Compare*, RCFC 15(c) with RCFC 15(d). Plaintiff's First Amended Complaint is,
(continued...)

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 366 n. 6 (5th Cir. 2004), cited by Plaintiff *does* refer to the "centrality" of Congressional purpose; however, in that case, registration occurred less than three years after infringement. Accordingly, relation back was not an issue in *Positive Black Talk*. But, even if "centrality" to Congressional purpose *were* a relevant consideration, it is met in the present case. Nothing can be clearer than that the central purpose of section 411 is to require those claiming ownership of copyrights to publicly disclose their putative copyrights through an application for registration, and to permit the Copyright Office to evaluate such claims, before seeking enforcement.

Plaintiff's argument also suggests that centrality of Congressional purpose played some role in *Black*. Plt. Mem. Re Jurisdiction at pages 8-9. Again, the word "central" does not appear in *Black*, and the distinction relied upon by *Black* is more objective than one's perception of "centrality." The distinction set forth in *Black*, 93 F.3d at 790-92, is that an RCFC 15 supplemental pleading is not permitted to relate back to a time when jurisdiction is expressly barred by statute. Furthermore, the language of 17 U.S.C. § 411(a), like that at issue in *Black*, does expressly bar an action before registration. ("no action … shall be instituted") *See*, Def. Brf. on Jurisdiction at pages 6-7 for a more detailed discussion on these points.

---

[1](...continued)
in reality, a supplemental complaint and should be treated as such. *See*, *Dan-Dee Imports, Inc. v. Well-Made Toy Mfg. Corp.*, 524 F. Supp. 615, 619 (E.D. N.Y. 1981) (mischaracterization of supplemental pleading as an amended pleading is "immaterial" as to whether court can grant correct relief).

2. Only if *Black* Applies Can Jurisdictional Defects Be Cured in This Case

As the Defendant has previously argued, the rule in *International Trade*, 1 Cl. Ct. at 40-41, should apply, and the court should dismiss for lack of jurisdiction. Def. Brf. On Jurisdiction at page 4. However, should the court apply *Black* instead, then the jurisdictional defect can *only* be cured for any infringement on or after March 27, 2002, as set forth in the previous section, as well as in Def. Brf. on Jurisdiction at pages 8-9. Section 411(a) expressly bars suit before registration. *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622, 630 note 1 (6th Cir. 2001); *Morris v. Business Concepts, Inc.*, 259 F.3d 65, 72 (2d Cir. 2001); *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1532 (11th Cir. 1994); *International Trade*, 1 Cl. Ct. at 40-41. And *Black*, 93 F.3d at 790-92, holds that an RCFC 15 amendment cannot not relate back to a time when suit was expressly barred by statute.

B. PLAINTIFF MAY NOT RECOVER FOR ANY INFRINGEMENT MADE BEFORE MARCH 27, 2002

1. Plaintiff's Amended Complaint Can Relate Back To No Earlier Than the Filing for Copyright Registration

It is true that 28 U.S.C. § 1653 allows defective *allegations* of jurisdiction to be amended, and cases such as *Mathews*, 426 U.S. at 75, stand for this principle. However, the defect in the present case goes beyond a mere defect of pleading. Because of the failure to comply with the registration requirement of 17 U.S.C. § 411(a), there was no jurisdiction *in fact* prior to April 28, 2005, not mere failure by Plaintiff to allege jurisdiction. *Murray Hill*, 264 F.3d at 630 note 1; *Morris*, 259 F.3d at 72; *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488-89

(11th Cir. 1990); *Arthur Rutenberg Homes*, 29 F.3d at 1532; *International Trade*, 1 Cl. Ct. at 40-41.

Plaintiff's reliance upon *Black*, 93 F.3d at 792, and *Mathews*, 426 U.S. at 75, to conclude that the First Amended Complaint in this case may relate back to the November 21, 2001 district court filing, is misplaced. As explained above, *Black* holds that an RCFC 15 supplemental pleading is not permitted to relate back to a time when jurisdiction is expressly barred by statute. And because it alleges facts occurring after the date of the original complaint, the First Amended Complaint in the present case is in reality a supplemental complaint under RCFC 15(d) that does not relate back to the original pleading. *Compare*, RCFC 15(c) with RCFC 15(d). In *Mathews*, the jurisdictional defect was a defective allegation, which may be cured in accordance with 28 U.S.C. § 1653. In the present case, the jurisdictional defect went beyond the allegations. The jurisdictional defect was a failure to comply with the registration requirement of 17 U.S.C. § 411(a) prior to filing suit.

Plaintiff's reliance upon the quoted language from *Stone v. Williams*, 970 F.3d 1043, 1050 (2d Cir. 1992), *cert. denied*, 508 U.S. 906 (1993), *citing*, 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 12.05 (1992), for the proposition that "where failure to satisfy procedural requirements is jurisdictional, courts generally allow procedural compliance to relate back to filing of complaint," is also misplaced. The current edition of *Nimmer* undercuts the quoted language from *Stone*. 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 12.05[D] (May 2006), at pp. 12-148.23 to -148.24. Footnote 96 of the current *Nimmer* section identifies the statement in *Stone* as dicta. Furthermore, the current *Nimmer* makes it clear that allowing relation back to a time before registration is not settled at all. *Nimmer* § 1205[D] (2006) at pp.

12-148.23 to -148.24 ("The courts have been inclined to permit a relation back at least where the issue relates to jurisdiction for failure to register rather than the bar of the statute of limitations," and "[o]ther courts have followed this lead to deny plaintiffs the ability to amend if they did not attempt registration until after expiry of the limitations period.").

Moreover, Plaintiff's indefinite use of the word "procedural" at page 12 of his brief blurs the distinction made in *Black*. Courts have broad authority to modify *their own* procedures, including disregarding them in some instances. *See*, *for example*, RCFC 83. But Section 411(a) is a jurisdictional statute, not a procedural rule. Courts do not have the authority to disregard Acts of Congress simply to accomplish a different result. *Black*, 93 F.3d at 789. There is no reason to presume that 17 U.S.C. 411(a) does not mean what it says. *Murray Hill*, 264 F.3d at 630 note 1; *Morris*, 259 F.3d at 72; *M.G.B. Homes*, 903 F.2d at 1488-89; *Arthur Rutenberg Homes*, 29 F.3d at 1532; *International Trade*, 1 Cl. Ct. at 40-41. An RCFC 15 amendment cannot not relate back to a time when suit was expressly barred by 17 U.S.C. 411(a). *Black*, 93 F.3d at 790-92.

2. There Is No Basis To Equitably Toll The Statute of Limitations

Plaintiff asserts, and we do not contest, that equitable tolling *may* apply to a case in which there was a delay in compliance with section 411(a). *See*, *Irwin v. Department of Veteran's Affairs*, 498 U.S. 89, 95 (1990); *Kirkendall v. Dept. of the Army*, _ F.3d _ (Fed. Cir., Mar. 7, 2007) (en banc). But the fact that equitable tolling *may* apply does not end the inquiry. Plaintiff still must prove one of the sparingly granted bases for equitable tolling. *Irwin*, 498 U.S. at 96.

It is undisputed that Plaintiff was to use equipment, tools, or machinery only when directed by the work foreman, and only in the manner the inmate was told to use them. Def. PFF 17;[2] Plt. Resp. to Def. PFF 17.[3] All of the tools and other instrumentalities required to perform the work associated with the print factory were owned and provided by FPI. Inmates are not permitted to remove the tools, equipment or materials from the factory. Def. PFF 19. Plaintiff has not alleged any right or entitlement to obtain any print shop product directly from the print shop.

Plaintiff's First Amended complaint states that he asked an FPI staff member for two copies of his work "to send home to be placed in his professional portfolio" and that the request was refused on the grounds that he could not take "anything out of the prepress room." 1st Amend. Cmplt. ¶¶ 22-23; 1st Amend. Cmplt. Exh A at page 4. Plaintiff's own characterization of the staff member's response indicates that the staff member was enforcing the prohibition against prisoners removing "anything" from the prepress room and not acting in excess of authority or with malice toward Plaintiff. Def. PFF 19.

The organization to whom the print shop calendars were sold, namely GSA, has outlets for its products. Furthermore, because these calendars are not exempt from the Freedom of Information Act, Plaintiff, or his representative at "home" (the home referred to in 1st Amend. Cmplt. ¶ 22), could have obtained a copy by submitting a written request to GSA and paying the modest retail price for the calendar. 5 U.S.C. § 552(a)(3), (a)(4)(A)(vi), and (b). Plaintiff's

---

[2] From Defendant's Proposed Findings of Uncontroverted Fact in Support of Its Consolidated Motion, filed January 14, 2005.

[3] From Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Facts, filed April 29, 2005.

Complaint only supports his desire "to send home to be placed in his professional portfolio," 1st Amend. Cmplt. ¶ 22, not to register any copyright. Thus, Plaintiff's Complaint fails to support his claim of equitable tolling.

In *Irwin*, 498 U.S. at 96, the Supreme Court specifically *declined* to apply equitable tolling to what it called "a garden variety claim of excusable neglect." *Id*. *Irwin* noted that equitable tolling has only been granted "sparingly" and, then, only when (1) the plaintiff actively pursued judicial remedies by filing a defective pleading within the statutory period or (2) the plaintiff has been tricked or induced by the defendant's misconduct into letting the statutory deadline pass. However, in the present case, the jurisdictional defect went beyond merely defective pleadings. In the present case, the primary jurisdictional defect was that there was no registration as required by 17 U.S.C. § 411(a) at the time the complaint was filed, as set forth above and in Def. Brf. on Jurisdiction at pp. 2, 5-6.

Moreover, Plaintiff's own characterization of the staff member's refusal to give him a calendar is that the staff member was enforcing the rule against prisoners' removing "anything" from the prepress area. 1st Amend. Cmplt. ¶ 23; Def. PFF 19. There is no allegation of misconduct here, where FPI was merely enforcing prison rules. Def. PFF 19. Nor do Plaintiff's allegations rise to a claim that the government induced or tricked Plaintiff into waiting to file a complaint or waiting before registering his alleged copyright. Even Plaintiff's Complaint only establishes that he wanted the copies for his "professional portfolio," not for use in registering a copyright.

Plaintiff also cites *Barrett v. Principi*, 363 F.3d 1316, 1318 (Fed. Cir. 2004), as supporting equitable tolling. However, *Barrett* merely stands for the proposition that a mental

illness was sufficient to support equitable tolling. But Walton does not claim a mental illness, so *Barrett* adds nothing to what the Supreme Court said in *Irwin*. There is no alleged basis for equitable tolling of the statute of limitations. *Irwin*, 498 U.S. at 96.

## II. CONCLUSION

For the foregoing reasons, and the reasons set forth in its earlier briefs, the Defendant respectfully requests that its motion to dismiss or for summary judgment be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Robert G. Hilton
ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

March 9, 2007