IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON, Plaintiff, | ) | No. 04-1277C |
| v. | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S BRIEF ON WHETHER THE 28 U.S.C. § 1498(b) PROVISO IS JURISDICTIONAL, PURSUANT TO THE COURT'S ORDER OF JUNE 7, 2007

In response to the court's Order of June 7, 2007, Defendant hereby submits this supplemental brief. In its Order, the court requested briefing on whether the following proviso in 28 U.S.C. § 1498(b) is jurisdictional:

> *Provided*, *however*, That this subsection shall not confer a right of action on any copyright owner or any assignee of such owner with respect to any copyrighted work prepared by a person while in the employment or service of the United States, where the copyrighted work was prepared as a part of the official functions of the employee, or in the preparation of which Government time, material, or facilities were used:

The court also requested that the parties address the conflicting opinions regarding this proviso in *Blueport Co. v. United States*, 76 Fed. Cl. 702, 718-20 and *Herbert v. United States*, 36 Fed. Cl. 299, 313 & n.8 (1996). The Defendant submits that *Blueport* provides the correct analysis. Further, in this case, the uncontroverted facts establish that Mr. Walton used government

material and facilities in the preparation of the allegedly infringed desk blotter calendars. Def. PUF 11, 19;[1] Plt. Resp. to Def. PUF 11, 19.[2] Accordingly, this court lacks jurisdiction.

## I. DISCUSSION

### A. CONFLICT BETWEEN *BLUEPORT* AND *HERBERT*

With respect to the conflict between *Blueport*, 76 Fed. Cl. at 718-20, and *Herbert*, 36 Fed. Cl. at 313 & n.8, over whether use of government resources while in government employment or service constitutes a defense (*Herbert*), rather than a bar to jurisdiction (*Blueport*), the Defendant views the *Blueport* analysis to be very thorough and to be the correct analysis.[3]

With respect to *Herbert*, 36 Fed. Cl. at 313 & n.8, Defendant has a limited disagreement. Defendant agrees that the language of the proviso is unambiguous and, therefore, needs no legislative history to construe. However, contrary to the view in *Herbert*, the initial phrase of the proviso, "this subsection shall not confer a right of action," expresses a withholding of jurisdiction over the plaintiff's complaint, rather than a conferring on the defendant of any right – or need – to raise a defense. *Blueport*, 76 Fed. Cl. at 711, 718.

---

[1] Defendant's Proposed Findings of Uncontroverted Fact, filed January 14, 2005.

[2] Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Fact, filed April 29, 2005.

[3] Defendant notes that, in *Blueport*, 76 Fed. Cl. at 722-23, the plaintiff was in a position to heavily influence the government's use of the copyrighted work, which invokes a different proviso in Section 1498(b). Walton had no influence because the prison has total control over any work done in its factory. Def. PUF 10-11, 14-18; Plt. Resp. to Def. PUF 10-11, 14-18. The selection of clip art for use in a calendar was an administrative task that required subsequent approval. Plt. Resp. to Def. PUF 18 (GSA authorities approved).

1. THE STATUTORY LANGUAGE UNAMBIGUOUSLY EXPRESSES A WITHHOLDING OF JURISDICTION

Section 1498(b) of Title 28 codifies the government's limited waiver of sovereign immunity for copyright infringement, and it establishes the Court of Federal Claims' jurisdiction over such claims. *See*, *Boyle v. United States*, 200 F.3d 1369, 1372-73 (Fed. Cir. 2000). The above-quoted proviso in Section 1498(b) provides that a copyright owner may not maintain such an action against the government, if the copyright owner (or an assignor to the copyright owner) was in the employment or service of the United States and met either of two additional criteria:

> (1) the copyrighted work was prepared as a part of the official functions of the employee; or
>
> (2) Government time, material, or facilities were used [in the preparation of the work by the employee or servant].

The use of the word "or" in the statute indicates that satisfaction of either of these conditions is sufficient to preclude a right of action. *Blueport*, 76 Fed. Cl. at 711; *Herbert*, 36 Fed. Cl. at 305.[4]

The introductory language of the proviso, "this subsection [(b)] shall not confer a right of action," expresses a jurisdictional limitation, rather than an affirmative defense. *Blueport*, 76 Fed. Cl. at 718 (The plain meaning of the text demonstrates that Congress waived sovereign immunity …). Because Section 1498(b) is a waiver of sovereign immunity, it must be interpreted in the narrowest manner. *See*, *Lane v. Pena*, 518 U.S. 187, 192 (1996). If viewed in

---

[4] Section 1498(b) also explicitly does not waive sovereign immunity in several other circumstances. *See*, 28 U.S.C. § 1498(b) (barring suit in the absence of authorization and consent; where the plaintiff is a government employee who was in a position to order, influence, or induce use of the work [regardless of circumstances of creation]; or where the alleged infringements occurred more than three years prior to suit); *Blueport*, 76 Fed. Cl. at 710, 721-22.

the way that grants the narrowest waiver, the introductory language of the proviso, that the "subsection shall not confer a right of action" when government resources were used, while the creator was in government employment or service, means that the court cannot entertain a complaint, and the defendant cannot even assert any defense, if the conditions set forth in the proviso are present.

The "shall not confer a right of action" language of Section 1498(b) is unambiguous and, therefore, needs no inferences or resort to legislative history to construe. *See*, *United States v. James*, 478 U.S. 597, 606 (1986); *Blueport*, 76 Fed. Cl. at 711, 718, 720.

Viewing the proviso as a limitation on jurisdiction is consistent with the jurisdictional view of the "authorization and consent" clause in Section 1498. The Court of Federal Claims views authorization and consent as jurisdictional, rather than as an affirmative defense. Under Section 1498(a), (b), and (d), the government waives sovereign immunity and assumes liability for the acts of its contractors if it authorizes and consents to their actions. *See*, 28 U.S.C. § 1498. *Hughes Aircraft* considered authorization and consent to be jurisdictional:

> The second paragraph of s 1498(a) . . . sets forth a two-part test *for determining whether this court has jurisdiction* in the first instance over a particular claim. Under this test, *a finding of jurisdiction is conditioned upon* a showing that (1) the accused use or manufacture was undertaken for the Government . . .; and (2) the Government gave its authorization or consent for the accused use or manufacture.

*Hughes Aircraft Co. v. United States*, 534 F.2d 889, 897-98 (Ct. Cl. 1976) (emphasis added).

## 2. THE LEGISLATIVE HISTORY CORROBORATES THE UNAMBIGUOUS STATUTORY LANGUAGE

Even if the legislative history were consulted, it would support the view that the use of government resources by an author, while in government employment or service, is jurisdictional. The proviso was added to preclude the necessity of the government's having to raise any defense whatsoever. Because Congress drew from the patent infringement sections of 28 U.S.C. § 1498 to create the copyright infringement provisions, one may look to the pre-1960 legislative history of the patent provisions to discern the purpose behind the proviso. S. Rep. No. 1877 (Aug. 22, 1960), *reprinted in* 1960 U.S.C.C.A.N. 3444, 3446 ("The bill is based, generally, upon provisions similar to those now existing in Federal law for patents …"); *Blueport*, 76 Fed. Cl. at 720. The pre-1960 patent provision stated:

> This section shall not confer a right of action on any patentee or any assignee of such patentee with respect to any invention discovered or invented by such person while in the employment or service of the United States, where the invention was related to the official functions of the employee, in cases in which such functions included research and development, or in the making of which Government time, materials or facilities were used.

Pub. L. No. 82-582 (July 17, 1952), 66 Stat. 757 (1952), 28 U.S.C. § 1498 (1952). The reason for the addition was to prevent

> nuisance suits by Government employee-patentees, to test out the question whether or not the Government had a shop right, license, or right to title in the invention.

H.R. Rep. No. 1726 (April 7, 1952), *reprinted in* 1952 U.S.C.C.A.N. 2322, 2323. The entire purpose of the proviso was to avoid claims by those who had used government resources. Preclusion of claims suggests that the provision must be jurisdictional.

B. PLAINTIFF HAS ADMITTED THAT HE CANNOT ESTABLISH THE NECESSARY JUISDICTIONAL FACTS

The plaintiff must prove jurisdiction. Each jurisdictional element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof. Lack of use of government resources while in government employment or service is a specific element that a plaintiff must establish in order to have a right of action. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Barrett v. Nicholson*, 466 F.3d 1038, 1041 (Fed. Cir. 2006); *Zunamon v. Brown*, 418 Fed. 2d 883, 886 (Ct.Cl. 1969); *Blueport*, 76 Fed. Cl. at 710.

For the reasons stated in Defendant's Supplemental Memorandum, filed November 9, 2006, at pages 6-14, Plaintiff was, at the very minimum, in the service of the United States, if not an employee thereof, at the time that the accused desk blotter calendar was prepared. Accordingly, there is no disputed fact that government material and facilities were used in the preparation of the allegedly infringed desk blotter calendars. Def. PUF 11, 19; Plt. Resp. to Def. PUF 11, 19. Thus, plaintiff cannot carry his burden of establishing that government material and facilities were *not* used in the preparation of the allegedly infringed desk blotter calendars. *Lujan*, 504 U.S. at 561; *Barrett*, 466 F.3d at 1041; *Zunamon*, 418 Fed. 2d at 886; *Blueport*, 76 Fed. Cl. at 710. Consequently, the case must be dismissed. RCFC 12(b)(1, 6).

## II. CONCLUSION

For the foregoing reasons, and the reasons set forth in its earlier briefs, the Defendant respectfully requests that its motion to dismiss or for summary judgment be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Robert G. Hilton
ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

August 13, 2007