# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 04-1277C

Judge Margaret M. Sweeney

---

ROBERT JAMES WALTON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE COURT'S JUNE 7, 2007 AND JULY 18, 2007 ORDERS**

---

Christopher N. Sipes
Sarah L. Wilson
Scott C. Weidenfeller
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)
Attorneys for Plaintiff

# TABLE OF CONTENTS

Page

**I. ARGUMENT** ........ 2

**A. The Text of 28 U.S.C. § 1498(b) Makes Clear That Its Provisos Are Not Jurisdictional.** ........ 2

**B. *Blueport* Does Not Provide A Basis For Ruling That § 1498(b) Is Jurisdictional.** ........ 6

**C. Service And Employment Are Coextensive In The Provisos Of § 1498(b).** ........ 8

**CONCLUSION** ........ 11

# TABLE OF AUTHORITIES

Page

## STATUTES

16 U.S.C. § 814 .......... 5

28 U.S.C. § 1345 .......... 5

28 U.S.C. § 1347 .......... 5

28 U.S.C. § 1491(a)(1) .......... 4, 7, 8

28 U.S.C. § 1498 .......... 4

28 U.S.C. § 1498(a) .......... 5, 6, 9

28 U.S.C. § 1498(b) .......... *passim*

28 U.S.C. § 2501 .......... 6, 7

## CASES

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) .......... *passim*

*Blueport Co., LLP v. United States*, 76 Fed. Cl. 702 (2007) .......... *passim*

*Boyle v. United States*, 200 F.3d 1369 (Fed. Cir. 2000) .......... 3

*DeArnaud v. United States*, 151 U.S. 483 (1894) .......... 6

*Finn v. United States*, 123 U.S. 227 (1887) .......... 6

*Herbert v. United States*, 36 Fed. Cl. 299 (1996) .......... 1

*John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345 (Fed. Cir. 2006), *cert. granted in part*, 127 S. Ct. 2877 (U.S. May 29, 2007) (No. 06-1164) .......... 6, 7

*Hughes Aircraft Co. v. United States*, 534 F.2d 889 (Ct. Cl. 1976) .......... 5, 6

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) .......... 6, 7

*Kendall v. United States*, 107 U.S. 23 (1883) .......... 6

*Kontrick v. Ryan*, 540 U.S. 443 (2004) .......... 4

**TABLE OF AUTHORITIES (CONTINUED)**

*Mine Safety Appliances Co. v. United States*, 364 F.2d 385 (Ct. Cl. 1966) ....................................9

*Northwest Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355 (1994) ...................................4, 6

*Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998).....................................4, 5, 6, 7

*Strategical Demolition Torpedo Co. v. United States*, 110 F. Supp. 264 (Ct. Cl. 1953)................9

*United States v. Beggarly*, 524 U.S. 38 (1998)..................................................................7

*United States v. Brockamp*, 519 U.S. 347 (1997).............................................................7

*United States v. Vanness,* 85 F.3d 661 (D.C. Cir. 1996) ...................................................4

*United States v. Wardwell*, 172 U.S. 48 (1898)..................................................................6

*Zimmerman v. United States Gov't*, 422 F.2d 326 (3d Cir. 1970).........................................9

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) ..........................................5, 6

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ROBERT JAMES WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1277C |
| v. | ) | |
| | ) | Judge Margaret M. Sweeney |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE COURT'S JUNE 7, 2007 AND JULY 18, 2007 ORDERS**

Plaintiff Robert James Walton respectfully submits this Supplemental Memorandum pursuant to the Court's Orders of June 7, 2007 and July 18, 2007, which directed the parties "to brief the issue of whether the provisos contained in 28 U.S.C. § 1498(b) are jurisdictional in nature . . . or merely serve as affirmative defenses." (June 7, 2007 Order, Docket No. 68, at 1.) This Court's decisions do not consistently interpret the Tucker Act's copyright infringement provisos as jurisdictional, *see Blueport Co., LLP v. United States*, 76 Fed. Cl. 702 (2007), or as affirmative defenses on which the government can rely, *see Herbert v. United States*, 36 Fed. Cl. 299, 313 & n.8 (1996). Contrary to the recent decision in *Blueport*, neither the plain text of the statute nor Supreme Court authority supports a jurisdictional interpretation of 1498(b)'s provisos. The Supreme Court has made clear that statutorily-created causes of action must not be conflated with jurisdictional requirements, and Congress has demonstrated its ability to clearly delineate jurisdictional limitations in other statutory contexts. Section 1498(b) does not meet the requirements of the easily administrable rule on which the

Supreme Court relies to determine whether statutory language is jurisdictional. Accordingly, neither text not precedent support a jurisdictional interpretation.

While *Blueport* erroneously construed 1498(b)'s provisos as jurisdictional, it properly construed the government "time, facilities, or materials" clause as one of three alternate conditions preventing an employee from suing the United States for copyright infringement. The Court drew no distinction between the limits applicable to one "in the employment . . . of" or one "in the . . . service of" the United States. Nor did it suggest that service materially differed from employment. *Blueport*'s construction of the provisos is in this respect notable. Plaintiff, a prisoner who had no choice but to work for Federal Prison Industries, at a task not of his choosing and under conditions that have been considered virtually dispositive of non-employee status by other courts (*i.e.*, no wages or taxes paid), is neither in the employment nor the service of the United States. His copyright infringement action, therefore, falls outside of the statutory exceptions to the cause of action created by Section 1498(b) of the Tucker Act, and the Court should proceed to decide the merits of the case.

## I. <u>ARGUMENT</u>

### A. <u>The Text of 28 U.S.C. § 1498(b) Makes Clear That Its Provisos Are Not Jurisdictional.</u>

The text of the 28 U.S.C. § 1498(b) provisos, viewed both facially and in light of Supreme Court precedent, does not suggest that Congress intended them to be jurisdictional. Unlike exceptions found in other statutes, Congress neither termed the provisions jurisdictional nor declared the jurisdiction conferral clause inapplicable to cases covered by the exceptions. Moreover, the relevant language of the provisos declares that "this subsection shall not confer a right of action" and the Supreme Court has consistently held that whether a cause of action exists is not a jurisdictional question. 28 U.S.C. § 1498(b).

Section 1498(b) waives the United States' immunity for copyright infringement and subjects it to suit for "reasonable and entire compensation as damages for such infringement." 28 U.S.C. S. 1498(b). See *Boyle v. United States*, 200 F.3d 1369, 1373 (Fed. Cir. 2000). It further provides that the "exclusive action" which a copyright owner may bring for infringement of its copyright by the government or those acting on the government's behalf shall be in the Court of Federal Claims.[1] In a *separate* clause the statute carves out an exception for employees who create copyrighted work as part of their official functions or use government time, material, or facilities in doing so. The provisos of § 1498(b) set forth express limitations on that right of action when it is brought by a government employee.[2]

---

1 Section 1498(b) provides:

> Hereafter, whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims for the recovery of his reasonable and entire compensation as damages for such infringement, including the minimum statutory damages as set forth in section 504 (c) of title 17, United States Code . . . .

2 The provisos of § 1498(b) state:

> [A] Government employee shall have a right of action against the Government under this subsection except where he was in a position to order, influence, or induce use of the copyrighted work by the Government. *Provided, however*, That this subsection shall not confer a right of action on any copyright owner or any assignee of such owner with respect to any copyrighted work prepared by a person while in the employment or service of the United States, where the copyrighted work was prepared as a part of the official functions of the employee, or in the preparation of which Government time, material, or facilities were used.

Notably, § 1498 does not include the term "jurisdiction" or provide express limitations on the Court's jurisdiction; rather, the provisos declare that "this subsection shall not confer a right of action" with respect to the subsequent categories. It is well-established that whether a statute creates a right of action is not a jurisdictional question. See *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 92 (1998) ("The question whether a federal statute creates a claim for relief is not jurisdictional.") (quoting *Northwest Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355, 365 (1994)).

"Jurisdiction . . . is a word of many, too many, meanings." *Steel Co.*, 523 U.S. at 90 (quoting *United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)); *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004). The Supreme Court has noted that, in dismissing cases, many of its decisions and those of lower courts casually use the language "for lack of jurisdiction when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 1242 (2006) (citation omitted). The Supreme Court has described these "unrefined dispositions as 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit." *Id.* at 1242-43 (quoting *Steel Co.*, 523 U.S. at 91.)

Congress is perfectly capable of making provisos (like the employment-related provisions at issue here) jurisdictional and has done so in other statutes. Most notably, § 1491(a)(1) of the Tucker Act expressly provides that "[t]he United States Court of Federal Claims *shall have jurisdiction* to render judgment upon any claim against the United States" founded on constitutional, statutory, regulatory , or contractual grounds "*in cases not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphases added). The Tucker Act's exception for cases not

sounding in tort is, therefore, a limitation to a waiver of sovereign immunity that is jurisdictional by its express terms. Similarly, 16 U.S.C. § 814 states: "*Provided*, That United States district courts *shall only have jurisdiction of cases when* the amount claimed by the owner of the property to be condemned exceeds $3,000" (second emphasis added).[3]

Congress's treatment of statutory exceptions to government tort liability is also instructive. The waiver of sovereign immunity to suits sounding in tort contains separately enumerated statutory exceptions that many courts have considered non-jurisdictional. Specifically, the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) confers jurisdiction on the district courts over tort claims against the United States under certain circumstances. The "discretionary function" exception to the FTCA, 28 U.S.C. § 2680, states that "section 1346(b) . . . shall not apply" to civil actions "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). "[M]ost courts have concluded that the burden of proving the applicability of the discretionary-function exception falls upon the United States." 14 Wright & Miller, *Federal Practice and Procedure Jurisdiction 3d.* § 3658.1, at 639 (1998). *See e.g.*, *Prescott v. United States*, 973 F.2d 696, 701-02 (9th Cir. 1992) (holding that the plaintiff bears the burden of establishing the court's subject matter jurisdiction under § 1346(b)(1), while the government bears the burden of demonstrating the applicability of the discretionary function [and other FTCA] exceptions); *Cestonaro v. United States*, 211 F.3d 749,

---

[3] *See also* 28 U.S.C. § 1345 ("Except as otherwise provided by Acts of Congress, the district courts *shall have original jurisdiction* of all civil actions, suits or proceedings commenced by the United States) (emphasis added) and 28 U.S.C. § 1347 ("The district courts *shall have original jurisdiction* of any civil action commenced by any tenant in common or joint tenant for the partition of lands where the United States is one of the tenants in common or joint tenants.") (emphases added).

756 n.5 (3d Cir. 2000) (same); *Carlyle v. United States*, 674 F.2d 554, 556 (6th Cir. 1982) (same). *But see Hawes v. United States*, 409 F.3d 213, 216 (4th Cir. 2005); *Hydrogen Tech. Corp. v. United States*, 831 F.2d 1155, 1162 n.6 (1st Cir. 1987).

An express statement of jurisdictional intent is the "readily administrable bright line" rule applied by the Supreme Court to determine whether a statute is jurisdictional. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional," the Supreme Court has explained, "courts should treat the restriction as nonjurisdictional in character." *Arbaugh, Id*. *See also id.*,546 U.S. at 515 (holding that a provision that "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts" is not jurisdictional) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). The provisos of § 1498(b) do not satisfy the Supreme Court's bright line test, and thus should not be treated as jurisdictional.

### B. ***Blueport* Does Not Provide A Basis For Ruling That § 1498(b) Is Jurisdictional.**

*Blueport*'s jurisdictional interpretation of § 1498(b)'s provisos ignores Supreme Court precedent undercutting the Federal Circuit decision on which it relies, and gives undue weight to "drive-by" jurisdictional decisions. For example, *Blueport* relies heavily on *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 897-98 (Ct. Cl. 1976), which held that certain provisions of § 1498(a), the patent infringement sovereign immunity waiver, are jurisdictional in nature. *Blueport*, 76 Fed. Cl. at 713-14. However, the Supreme Court's intervening decisions in *Arbaugh* and *Steel Co.* call into question the holding in *Hughes Aircraft* that the provisions of § 1498(a) are jurisdictional because that subsection "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Arbaugh*, 546 U.S. at 515 (quoting *Zipes*, 455 U.S. at 394); *see also Steel Co.*, 523 U.S. at 92 (holding that the issue whether a

statute "creates a claim for relief is not jurisdictional") (quoting *Northwest Airlines*, 510 U.S. at 365). In any event, *Hughes Aircraft* did not directly address whether the *provisos* of § 1498(a) were jurisdictional, as *Blueport* noted. 76 Fed. Cl. at 713 (stating that "no case considering the [similar] provisos of § 1498(a) has determined whether they were affirmative defenses or jurisdictional limitations").

Building on the theory that § 1498(a) -- and therefore § 1498(b) -- is jurisdictional, *Blueport* further reasoned that the provisos of § 1498(b) are jurisdictional because they broadly condition § 1498(b)'s waiver of sovereign immunity. *Blueport* invoked the Federal Circuit's "treatment of the Tucker Act's six-year limitations period, § 2501" as "an excellent example" of a jurisdictional condition to a sovereign immunity waiver, *id.* at 714-15, citing the Federal Circuit's decision in *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345 (Fed. Cir. 2006) (holding that § 2501 is jurisdictional), *cert. granted in part*, 127 S. Ct. 2877 (U.S. May 29, 2007) (No. 06-1164).[4] *Blueport*, 76 Fed. Cl. at 717-18.[5] However, the Supreme Court's post-*Blueport* grant of *certiorari* in *John R. Sand & Gravel* to determine whether § 2501 limits the subject matter jurisdiction of the Court of Federal Claims, calls into question *Blueport*'s reliance on the *Sand & Gravel* decision. *See* 127 S. Ct. at 2877.

---

[4] *John R. Sand & Gravel* based its holding that § 2501 was jurisdictional on that statute's alleged "longstanding pedigree as a jurisdictional requirement." 457 F.3d at 1355.

[5] *Blueport* also noted a "traditional view that conditions to sovereign immunity waiver are themselves jurisdictional limitations" in older Supreme Court cases. 76 Fed. Cl. at 715. However, it is unclear whether the cases on which *Blueport* relies -- *United States v. Wardwell*, 172 U.S. 48 (1898); *DeArnaud v. United States*, 151 U.S. 483, 495-96 (1894); *Finn v. United States*, 123 U.S. 227, 232-33 (1887); and *Kendall v. United States*, 107 U.S. 123 (1883) -- involved dismissals for lack of jurisdiction or failure to state a claim. To the extent the cases invoke jurisdiction, they are merely "'drive-by jurisdictional rulings' that should be accorded 'no precedential effect.'" *Arbaugh*, 546 U.S. at 511 (quoting *Steel Co.*, 523 U.S. at 91). In any event, those decisions have been superseded by the Supreme Court's decision in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), as *Blueport* itself notes, 76 Fed. Cl. at 715 (stating that "[t]he earth shifted" when *Irwin* was decided).

*Blueport* also rested upon the circular reasoning that not to treat the provisos as jurisdictional "would 'work a kind of linguistic havoc'" because the provisos act as conditions on the waiver of sovereign immunity. 76 Fed. Cl. at 718 (quoting *United States v. Brockamp*, 519 U.S. 347, 352 (1997)). However, the Supreme Court had made clear that not all conditions on waivers of sovereign immunity are jurisdictional. *See, e.g.*, *Irwin*, 498 U.S. at 95-96 (holding that a filing period related to a waiver of sovereign immunity was not jurisdictional and that the doctrine of equitable tolling should be applied in suits against the government as it is in suits against private individuals). Moreover, even though the Supreme Court in *United States v. Beggarly*, 524 U.S. 38 (1998), and *Brockamp* ruled that equitable tolling did not apply under other waivers of sovereign immunity, they addressed the statutes on the merits, determining whether Congress intended a jurisdictional limitation. *See Beggarly*, 524 U.S. at 48-49; *Brockamp*, 519 U.S. at 350-53.

As discussed above, the plain text of § 1498(b) and its provisos are devoid of any indicia of jurisdictional intent. *See Arbaugh*, 546 U.S. at 516; *Steel Co.*, 523 U.S. at 92. *Blueport*'s reliance on § 1491(a)(1) "tort" exception to support a jurisdictional interpretation of § 1498(b)'s provisos is also unavailing. Unlike § 1498(b), § 1491(a)(1)'s text makes explicit reference to its jurisdictional limitations. ("The United States Court of Federal Claims *shall have jurisdiction* to render judgment upon any claim against the United States … *in cases not sounding in tort*.) 28 U.S.C. § 1491(a)(1) (emphases added). Section 1491(a)(1) thus satisfies the *Arbaugh* standard, while § 1498(b) does not.

### C. <u>Service And Employment Are Coextensive In The Provisos Of § 1498(b).</u>

Both parties have previously briefed the significance of § 1498(b)'s dual reference to those "in the employment . . . of" and "in the . . . service of" the United States. *See, e.g.*, Pl's. Reply Def's. Supp.Mem. of Dec. 18, 2006 (Docket No. 58). Notably, while

*Blueport*'s analysis of Section 1498(b)'s provisos as jurisdictional conflicts with the bright-line textual rule articulated by the Supreme Court in *Arbaugh*, its interpretation of the "time, material, or facilities" clause as modifying both "employment" and "service" matches the construction of § 1498(b)'s provisos by other courts.

The Court asked at oral argument whether the provisos' reference to suits involving copyrighted work "in the preparation of which Government time, material, or facilities were used" is a jurisdictional limitation independent of employment. Transcript of Oral Argument at 35. Such a statutory construction would give short shrift to the distinction drawn by Congress between copyrighted work prepared as part of an employee or servant's official functions, versus a copyrighted work prepared outside of the scope of employment but with the aid of government resources. *Blueport* preserved Congress's emphasis on the various "official" and "unofficial" means by which an employee or servant could create a copyrighted work by construing all three exceptions as applicable to *government employees*. 76 Fed. Cl. at 710-11 ("Thus, *a government employee's* right of action is denied in any one of three circumstances: (1) the employee was in a position to order, influence, or induce the use of the copyright work by the government; (2) the copyrighted work was prepared as part of employee's 'official function'; or (3) the copyrighted work was prepared using government time, material or facilities.") (emphasis added).

Moreover, *Blueport*'s interpretation of the "time, material, or facilities" clause as equally applicable to government employees and those in the service of the United States is consistent with decisions of the Federal Circuit's predecessor court construing 28 U.S.C. § 1498(a), the Tucker Act's patent infringement provision. In the patent infringement context, the court has held that § 1498(a)'s nearly identical "time, material, or facilities" proviso applies

to federal employees. *See, e.g.*, *Mine Safety Appliances Co. v. United States*, 364 F.2d 385, 392 (Ct. Cl. 1966) (stating that the time, material, or facilities proviso of § 1498(a) applies to "federal employees"); *see also, e.g.*, *Strategical Demolition Torpedo Co. v. United States*, 110 F. Supp. 264, 265 (Ct. Cl. 1953) (stating that the time, material, or facilities proviso of § 1498(a) applies to "a Government employee"). At least one other court has agreed with this interpretation. *See Zimmerman v. United States Gov't*, 422 F.2d 326, 328 (3d Cir. 1970) (stating that § 1498(a) provides "government employees-patentees a right of action against the United States . . . where government time, facilities, or materials were not used").

*Blueport*'s interpretation of the "time, material, or facilities" clause as applicable to government employees is commonsensical as well as faithful to the text of the provisos. Such a construction limits suits by government employees who produce copyrightable work while "on the job" but not within the scope of their employment duties. If the clause were interpreted to apply solely to servants and not to employees, the government could seek to prevent suit by an employee who produced a copyrightable work of art as part of his official duties but have no such defense against suit by an employee who used government resources to create a copyrightable work outside the scope of his responsibilities. The language of the provisos should not be construed to produce such an asymmetrical result.

**CONCLUSION**

For the foregoing reasons, and the reasons set forth in the briefs Plaintiff previously submitted in this matter, Plaintiff respectfully requests that this Court grant his cross-motion for summary judgment.

Respectfully submitted,

s/Sarah L. Wilson
Christopher N. Sipes
Sarah L. Wilson
Scott C. Weidenfeller
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)
Attorneys for Plaintiff

Dated: August 13, 2007