IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON, Plaintiff, | ) | No. 04-1277C |
| v. | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S REPLY BRIEF ON WHETHER THE 28 U.S.C. § 1498(b) PROVISO IS JURISDICTIONAL, PURSUANT TO THE COURT'S ORDER OF JUNE 7, 2007

In response to the court's Order of June 7, 2007, Defendant hereby submits this reply brief to Plaintiff's brief of August 13, 2007. Plaintiff argues (1) that the statutory language does not suggest that the second proviso[1] of 28 U.S.C. § 1498 is jurisdictional, (2) that *Blueport Co. v. United States*, 76 Fed. Cl. 702 (2007) provides no "basis" for its conclusion, and (3) that *Blueport* suggests that "employment" and "service" are coextensive. We disagree.

[1] The second proviso of 28 U.S.C. § 1498 reads:

> *Provided*, *however*, That this subsection shall not confer a right of action on any copyright owner or any assignee of such owner with respect to any copyrighted work prepared by a person while in the employment or service of the United States, where the copyrighted work was prepared as a part of the official functions of the employee, or in the preparation of which Government time, material, or facilities were used:

# I. DISCUSSION

## A. STATUTORY LANGUAGE SUGGESTS THAT PROVISIOS ARE JURISDICTIONAL

Section 1498 has been recognized as both a grant of jurisdiction and the creation of a substantive remedy. *See*, *Boyle v. United States*, 200 F.3d 1369, 1372-73 (Fed. Cir. 2000); *Blueport*, 76 Fed. Cl. at 711. With respect to copyrights, it is clear that section 1498(b) creates a substantive remedy, at least, by the statute's statement that "whenever the copyright in any work protected under the copyright laws of the United States shall be infringed" the remedy is "an action … for recovery of [the copyright owner's] reasonable and entire compensation. It is equally clear that the first paragraph of 28 U.S.C. § 1498(b) grants jurisdiction by stating that "the exclusive action which may be brought shall be an action by the copyright owner against the United States in the Court of Federal Claims" (emphasis added). The issue raised by the Court, which we now address, is whether the second proviso modifies the jurisdictional provision or the substantive provision.

Plaintiff argues that the proviso is a "separate" clause. As a result, Plaintiff contends that the proviso is not jurisdictional. However, a more natural reading of the proviso is that it is a limitation on the court's jurisdiction. In addition, the characterization of the proviso as "separate" is irrelevant because one construes statutes *as a whole*. *United States v. Morton*, 467 U.S. 822, 828 (1984) ("We do not, however, construe statutory phrases in isolation; we read statutes as a whole."); *see also*, *Blueport*, 76 Fed. Cl. at 718. ("Textually, these conditions were drafted in close proximity [footnote omitted] to the waiver and thus should be considered as exceptions to that waiver.")

Plaintiff's brief, at pages 4-6, relies heavily on *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 92 (1998) and *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510-11 (2006) for the proposition that the statutory language of Section 1498(b) should be read in such a way that the proviso does not set forth a jurisdictional requirement. Neither case, however, supports Plaintiff's proposition.

In *Steel Co.*, a preliminary issue addressed by the Court was whether the subsection (c) of 42 U.S.C. § 11046 – which provided that "[t]he district court shall have jurisdiction in actions brought under subsection (a) …to enforce the requirement concerned and to impose any civil penalty provided for violation of that requirement" – rendered the elements of the cause of action in subsection (a) to be jurisdictional limitations. 523 U.S. at 83. The Court concluded that subsection (c) merely stated the remedies available to a court hearing an action under subsection (a) and did not convert subsection (a) into a jurisdictional prerequisite. 523 U.S. at 89-93. The Court reached its conclusion from the unremarkable proposition that "'brought under' § 11046(a), …means suits contending that § 11046(a) contains a certain requirement" that the defendant has violated. 523 U.S. at 93.

Reading the statue "as a whole," as the *Steel Co.* Court did, one is led to the conclusion that the proviso in section 1498 is a limitation on jurisdiction. In pertinent part, the key language of the proviso states that "this subsection shall not confer a right of action." These words are quite clearly a limitation on jurisdiction. Just as the first sentence of section 1498 creates "an action," and grants the Court of Federal Claims exclusive jurisdiction over that action, the proviso limits the scope of that same action. The words "shall not confer a right of action" cannot be read as creating a defense: by its very terms the proviso is stating that no right has ever

existed, and therefore no action could ever be brought for activity falling within the scope of the proviso.

Turning to *Arbaugh*, Plaintiff argues that the court should employ *Arbaugh's* "readily administrable bright line" test to determine whether a condition is jurisdictional. Pl. Br. at 6 (citing *Arbaugh*, 546 U.S. at 516). *Arbaugh*'s "bright line" test states

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

546 U.S. at 515-16. Having properly teed up the question, Plaintiff proceeds to his conclusion without any analysis. Pl. Br. at 6. A close reading of *Arbaugh* illuminates how Plaintiff reaches an erroneous conclusion.

*Arbaugh* finds support for "bright line" test in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982). Plaintiff cites to that support for the proposition that a provision that "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts" is not jurisdictional. Pl. Br. at 6. The question that then must be answered is "when does Congress speak in jurisdictional terms?" The *Arbaugh* court offered several examples in footnote 11, 546 U.S. at 515. Of these examples, *Weinberger v. Salfi*, 422 U.S. 749, 756-757 (1975) is particularly instructive because, like here, it is phrased in the negative.

At issue in *Weinberger* was 42 U.S.C. § 405(h), which provided: "No action against the United States … shall be brought under [§1331 et seq.] of Title 28 to recover on any claim arising under [Title II of the Social Security Act]." 422 U.S. at 756. And in *Weinberger*, the Court held that, "[o]n its face, this provision bars district court federal-question jurisdiction over

suits, such as this one, which seek to recover Social Security benefits." 422 U.S. at 756-57. Notably, the statute never used the word jurisdiction, but the Court nevertheless found that it "spoke" in jurisdictional terms.

As *Weinberger* illustrates, the second proviso of section 1498 *does* speak in jurisdictional terms. The proviso starts off with "this subsection shall not confer a right of action …." As discussed above, this is clearly Congress stating a limit on the jurisdiction of the court, not merely establishing a defense or limiting a remedy.

Plaintiff's analyses of the Tucker Act, 28 U.S.C. § 1491, 16 U.S.C. § 814, and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2680, do not support Plaintiff's ultimate conclusion. Plaintiff cites Section 1491 – the "Court of Federal Claims shall have jurisdiction to render judgment" – and Section 814 – "district courts shall only have jurisdiction of cases …" – as examples of clear jurisdictional language. While Plaintiff accurately portrays these statues, the "bright line" test of *Arbaugh* is not so limiting. As is evident in the *Arbaugh* court's analysis of *Weinberger*, the word "jurisdiction" is not a talisman. Rather, the court must merely find that Congress was speaking in terms of jurisdiction. In the proviso of section 1498, the jurisdictional nature is clear when Congress states "this subsection shall not confer a right of action …."

Plaintiff holds up the "discretionary function" exception to the Federal Tort Claims Act as example of where courts have found statutory language to be non-jurisdictional. Plaintiff's citations do not bear out its premise. Most notably, Plaintiff cites 14 Wright & Miller, *Federal Practice and Procedure*, 3d, § 3658.1 at 639 (1998) for the proposition that most court require the government to establish the applicability of the "discretionary function" exception. But, in doing so, the authors point out that the "discretionary function" exception is an anomaly. The

authors fully agree that § 2680(a) is a limitation on the waiver of sovereign immunity and, therefore, a limit on jurisdiction. *Id.* Further, the Supreme Court has gone so far as to state that section 2680, as a whole, is a limit on sovereign immunity. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (§ 2680(k), providing that the FTCA shall not apply to "claims arising in a foreign country," is a limitation on the waiver of sovereign immunity); *see also Dolan v. U.S. Postal Service*, 546 U.S. 481, 485, 490 (2006) (finding that § 2680(b), relating to carriage of the mails is a exception to the waiver of sovereign immunity). That the "discretionary function" exception is addressed by different procedures does not assist Plaintiff here.

A straight-forward reading of the second proviso is that it limits the grant of jurisdiction in the first sentence of Section 1498(b). The proviso expressly states that the statute "shall not confer a right of action" where the proviso applies. That language clearly signifies a Congressional intent to limit the jurisdiction of the court.

B. <u>*BLUEPORT* PROVIDES A BASIS FOR ITS CONCLUSION</u>

Plaintiff next argues, Pl. Br. at 6, that *Blueport* ignores *Steel Co.*, 523 U.S. at 92 and *Arbaugh*, 546 U.S. at 515-16. As stated in the preceding section, above, *Steel Co.* has no applicability to the present issue, and the proviso in 28 U.S.C. § 1498(b) is on the "jurisdictional" side of any bright line contemplated by *Arbaugh*.

Plaintiff argues that an inference should be drawn from the grant of certiorari in *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345 (Fed. Cir. 2006), *cert. granted*, 127 S.Ct. 2877 (2007) (addressing whether the 12-year time bar in 28 U.S.C. § 2501 is jurisdictional). *Blueport*, 76 Fed. Cl. at 718, observes that

> Whether this Court … follows the "hard" rule that conditions to waivers of sovereign immunity are always jurisdictional (typified by the … Federal Circuit's *John R. Sand & Gravel Co.* decision), or the "soft" view that such conditions are jurisdictional only if textual analysis demonstrates that Congress so intended (typified by [*Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89 (1990)] …), it is clear that the § 1498(b) provisions are jurisdictional.

However, as discussed above, *Blueport* fully comports with the view that the proviso is intended as a jurisdictional limitation on the waiver of sovereign immunity. That view is well based on prior precedent of the Federal Circuit and the Supreme Court. Contrary to Plaintiff's assertions, the structure of the proviso, as well as the *Blueport* analysis, supports the conclusion that the proviso is jurisdictional.

## C. *BLUEPORT* MAKES NO SUGGESTION AS TO WHETHER THERE IS A DIFFERENCE BETWEEN "EMPLOYMENT" AND "SERVICE"

Plaintiff further argues that *Blueport* suggests that "employment" and "service" under 28 U.S.C. § 1498(b) are coextensive. Pl. Br. at pp. 8-10 (citing *Blueport*, 76 Fed. Cl. at 710-11, 730). A careful reading of *Blueport* fails to support that argument. Indeed, no logical inference may be drawn from *Blueport* as to whether there is a distinction between "employment" and "service." In *Blueport*, both parties agreed that the author was an "employee," and the evidence supported that position. *Blueport*, 76 Fed. Cl. at 705, 719, 722. Consequently, there was no occasion for the *Blueport* court to inquire as to whether there is a distinction between "employment" and "service," and the *Blueport* court did not so inquire. Whether there is a distinction between "employment" and "service" was not an issue in *Blueport*.

## II. CONCLUSION

For the foregoing reasons, and the reasons set forth in its earlier briefs, the Defendant respectfully requests that its motion to dismiss or for summary judgment be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Robert G. Hilton
ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

OF COUNSEL:
GARY L. HAUSKEN
Assistant Director
Department of Justice

September 4, 2007