# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 04-1277C

Judge Margaret M. Sweeney

---

ROBERT JAMES WALTON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S AUGUST 9, 2007 SUPPLEMENTARY BRIEF ON JURISDICTION**

---

Christopher N. Sipes
Sarah L. Wilson
Scott C. Weidenfeller
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)
Attorneys for Plaintiff

# TABLE OF CONTENTS

Page


**I. ARGUMENT ........................................................................ 1**

**A. The Text of 28 U.S.C. § 1498(b) Does Not Support Defendant's Argument That The Provisos Are Jurisdictional. ........................................ 1**

**B. The Legislative History Does Not Support Defendant's Argument That § 1498(b)'s Provisos Are Jurisdictional. ........................................ 4**

**C. Section 1498(b) Draws No Distinction Between Service And Employment. .... 5**

**II. CONCLUSION ........................................................................ 7**

# TABLE OF AUTHORITIES

Page

## CASES

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)....................2

*Blueport Co., LLP v. United States*, 76 Fed. Cl. 702 (2007) ....................1

*Boyle v. United States*, 200 F.3d 1369 (Fed. Cir. 2000) ....................3, 4

*United States v. Dubilier Condenser Corp.*, 289 U.S. 178 (1933) ....................6

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 (1981)....................3

*Hughes Aircraft Co. v. United States*, 534 F.2d 889 (Ct. Cl. 1976) ....................2

*Nicastro v. Reno*, 84 F.3d 1446 (D.C. Cir. 1996) ....................6

*Northwest Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355 (1994) ....................2

*Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)....................1

*Walton v. Fed. Prison Indus.*, 1991 WL 126708 (D. Kan. June 13, 1991)....................6

## LEGISLATIVE MATERIALS

H.R. Rep. No. 82-1726 (1952), *reprinted in* 1952 U.S.C.C.A.N. 2322 ....................4, 5, 6

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT JAMES WALTON,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-1277C<br><br>Judge Margaret M. Sweeney |

## PLAINTIFF'S REPLY TO DEFENDANT'S AUGUST 9, 2007 SUPPLEMENTARY BRIEF ON JURISDICTION

Defendant argues that the Court's analysis in *Blueport Co., LLP v. United States*, 76 Fed. Cl. 702 (2007), holding that the provisos in 28 U.S.C. § 1498(b) are jurisdictional, is "the correct analysis." (Def's Br. at 1.) However, Defendant hedges its bet by seeking a dismissal pursuant to RCFC 12(b)(6) for failure to state a claim, in addition to RCFC 12(b)(1) for lack of jurisdiction. (*Id.* at 6.) Defendant's arguments that the provisos are jurisdictional are unsupported by the plain text and legislative history of the Tucker Act's copyright infringement provision. Accordingly, the Court should reach the merits of this case for the reasons set forth below and in Plaintiff's previously-filed supplemental memoranda.

## I. ARGUMENT

### A. The Text of 28 U.S.C. § 1498(b) Does Not Support Defendant's Argument That The Provisos Are Jurisdictional.

Defendant first argues that the statutory language of § 1498(b) "unambiguously" withholds jurisdiction because it provides that the "subsection shall not confer a right of action" if the provisos' conditions are satisfied. (*Id.* at 3.) However, as set forth in Plaintiff's initial Supplemental Brief (Pl's Br. at 2-6), such "cause of action" language does not create jurisdiction,

*see Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 92 (1998) ("The question whether a federal statute creates a claim for relief is not jurisdictional.") (quoting *Northwest Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355, 365 (1994)). Accordingly, § 1498(b) does not satisfy the "readily administrable bright line" rule the Supreme Court applies to determine whether a statutory limitation is jurisdictional. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

Defendant also relies on *Hughes Aircraft Co. v. United States*, 534 F.2d 889 (Ct. Cl. 1976), to support its jurisdictional argument, but Defendant stretches this patent infringement case too far, omitting the pertinent language in the decision that expressly limits the scope of its jurisdictional holding. (Def's Br. at 4.) *Hughes Aircraft* held:

> The second paragraph of § 1498(a), *insofar as it clarifies and construes the meaning of the phrase "use or manufacture * * * for" the U.S., contained in the first paragraph thereof*, sets forth a two-part test for determining whether this court has jurisdiction in the first instance over a particular claim. Under this test, a finding of jurisdiction is conditioned upon a showing that (1) the accused use or manufacture was undertaken for the Government, i.e., for the Government's benefit; and (2) the Government gave its authorization or consent for the accused use or manufacture.

534 F.2d at 897-98 (emphasis added, alteration in original, footnote and emphases omitted). Thus, *Hughes Aircraft* stands solely for the proposition that the second paragraph in § 1498(a) [1]

---

[1] The pertinent portions of the first two paragraphs of section 1498(a) provide:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture. . . .
>
> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation

(continued…)

is jurisdictional to the extent it clarifies or defines the phrase "use or manufacture" in the first paragraph of that subsection, which expressly grants jurisdiction over certain patent infringement suits in this Court; it does not hold that all of the provisos in § 1498(a) are jurisdictional.

In contrast, *Boyle v. United States*, 200 F.3d 1369 (Fed. Cir. 2000), held that the "authorization or consent" language in § 1498(b) is *not* jurisdictional.[2] In *Boyle*, this Court had dismissed the copyright owner's claim for failure to state a claim for relief upon which relief could be granted, *id.* at 1372, which is a "judgment on the merits," not a jurisdictional ruling, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). The Federal Circuit noted that "[t]he plain language of the statute states that the United States has waived sovereign immunity . . . when a contractor, subcontractor, or any person, firm, or corporation, acting for the Government and with its authorization or consent, infringes." 200 F.3d at 1373 (quoting 28 U.S.C. § 1498(b)). The court thus determined whether the government's actions "constituted . . . authorization and consent for" copyright infringement. *Id.* Because they did not, the Federal Circuit affirmed this Court's dismissal for failure to state a claim upon which relief could be

---

> for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

[2] Section 1498(b) provides, in pertinent part:

> Hereafter, whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims for the recovery of his reasonable and entire compensation as damages for such infringement . . . .

granted. *See id.* at 1373-74. The Federal Circuit did not hold that the copyright infringement claims should have been dismissed for lack of jurisdiction.[3] Accordingly, the limitations in § 1498(b) on the waiver of sovereign immunity are not jurisdictional.

**B. -The Legislative History Does Not Support Defendant's Argument That § 1498(b)'s Provisos Are Jurisdictional.**

Defendant next argues that the legislative history supports its construction of § 1498(b) as jurisdictional because a similar proviso in a precursor to § 1498(a) allegedly was added to prevent nuisance suits. However, the House Report on which Defendant relies does not support Defendant's theory. Rather, the House Report simply indicates that the committee rejected a different proposal by a Captain George Robillard that would have barred suits "when the United States has rights to use the invention by operation of law":

> Captain Robillard's proposal would deny a Government employee-patentee the right to sue in the Court of Claims when the United States has rights to use the invention by operation of law. This, however, might invite nuisance suits by Government employee-patentees to test out the question whether or not the government had a shop right, license, or right to title in the invention.

H.R. Rep. No. 82-1726 (1952), *reprinted in* 1952 U.S.C.C.A.N. 2322, 2323. Thus, the committee rejected a proposal that it viewed as potentially inviting nuisance suits; the committee did not adopt the provision limiting government employee's right to bring suit for the purpose of precluding claims by government employees.

To the contrary, the House Report indicates that the statute was amended in 1952 to *broaden* the ability of government employees to bring lawsuits for patent infringement, and it

---

[3] However, the Federal Circuit dismissed for lack of jurisdiction the copyright owner's request for cancellation of the accused infringer's service marks because such a claim "is not cognizable under" this Court's jurisdictional statutes. *Boyle*, 200 F.3d at 1374.

offers no guidance as to whether the limitations on the broadened right are jurisdictional or must be raised as affirmative defenses:

> It is recognized that Government employees sometimes make inventions that are wholly unrelated to their official functions and in the making of which neither Government time nor materials are used. In these cases, equity demands that the employee-inventor be adequately rewarded if his invention is used by the Government.

*Id.*, *reprinted in* 1952 U.S.C.C.A.N. at 2324. The House Report therefore provides no support for Defendants' argument that the provisos of § 1498(b) are jurisdictional.

**C. <u>Section 1498(b) Draws No Distinction Between Service And Employment.</u>**

Defendant finally argues that this Court has jurisdiction because Plaintiff does not dispute that he used government time, material, or facilities in creating his copyrighted work. Defendant concedes, as it must, that the "time, material, or facilities" clause of § 1498(b) bars actions by only those copyright owners who were in the employment or service of the United States when they used the government time, material, or facilities, not all copyright owners who used government time, material, or facilities. (Def's Br. at 3.)

Accordingly, Defendant's argument is based entirely on Defendant's theory that § 1498(b) distinguishes between service and employment and that Plaintiff was "in the . . . service of the United States," even if he was not "in the employment . . . of the United States." (*Id.* at 6.) However, as set forth in Plaintiff's Reply to Defendant's Supplemental Memorandum Regarding Defendant's Consolidated Motion to Dismiss or for Summary Judgment, and Plaintiff's Cross-Motion for Summary Judgment (Docket No. 58), § 1498(b) does not distinguish between "employment" and "service," as the statutory language, the legislative history, and the case law make clear.

Indeed, the House Report on which Defendant relies in its Supplemental Brief provides further support for Plaintiff's argument that there is no distinction between "employment" and "service." The House Report stated that the amendment to § 1498(a) codified the Supreme Court's decision in *United States v. Dubilier Condenser Corp.*, 289 U.S. 178 (1933), which recognized that "employees of the government" are coextensive with persons "in the service of the . . . United States," *id.* at 204:

> In the *Dubilier* case (289 U.S. 178) the Supreme Court established that if an inventor is hired to invent or assigned to invent, title is in the employer. If he is not so hired or assigned and he uses the time, facilities, information, or the like of the employer, then title remains in the employee, but the employer has a license. In any other instance, full right, title, and interest remains in the employee. The right to sue, pursuant to this bill, in large part, follows title under the present law as established by the *Dubilier* case and similar decisions. If title is in the employee and he is not in a position to influence or induce the use of the invention by the Government, he is accorded the right to bring a suit against the Government in the Court of Claims.

H.R. Rep. No. 82-1726, *reprinted in* 1952 U.S.C.C.A.N. at 2324. Neither *Dubilier* nor the House Report distinguish between employees and those in the service of the United States. To the contrary, the House Report states that the bill "specifically states that there shall not be a right of action *in the Government employee-patentee* where Government time, materials, or facilities have been employed." *Id.* (emphasis added).

Therefore, there is no support for Defendant's distinction between "employment" and "service" in either the statute, the legislative history, or the case law. Similarly, neither the text of § 1498(b) nor its legislative history support the separation of the "time, materials, or facilities" clause from the "service" or "employment" clause of § 1498(b)'s provisos. Because Plaintiff was not an employee of the United States, *see, e.g.*, *Nicastro v. Reno*, 84 F.3d 1446,

1447 (D.C. Cir. 1996); *Walton v. Fed. Prison Indus.*, 1991 WL 126708, at *1 (D. Kan. June 13, 1991), the "time, materials, or facilities" exception does not apply to him.

## II. CONCLUSION

For the foregoing reasons, and the reasons set forth in the briefs Plaintiff previously submitted in this matter, Plaintiff respectfully requests that this Court grant his cross-motion for summary judgment.

Respectfully submitted,

/s/ Sarah L. Wilson
Christopher N. Sipes
Sarah L. Wilson
Scott C. Weidenfeller
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)
Attorneys for Plaintiff

Dated: September 4, 2007